ALEXANDER STOBIE *et al.*

*v.*

HARRISON DILLS.

1. CONTRACT—*construction as to party bound.* The lessees in the caption of a lease were described as "trustees of Quincy Lodge No. 139, I. O. of G. Templars," and they executed the same in their individual names, and in the body of the instrument covenanted to pay the rent, without using any words to show an intention to bind the lodge: *Held,* that they were personally liable; and that the words "trustees," etc., were merely *descriptio personæ,* and did not change the legal effect of their undertaking.

2. PAROL EVIDENCE—*to explain contract.* Where parties covenant person-
ally to pay rent, and execute the obligation in their individual names, evi-
dence *dehors* the written undertaking is inadmissible to show that they in-
tended to bind an incorporated lodge, although in the body of the obliga-
tion they are described as trustees of such lodge.

3. LANDLORD AND TENANT—*relation how terminated.* Where, before the
expiration of the term, the landlord, with the consent of the lessee, makes
a new lease to another person, who enters into possession and pays rent to
the landlord, this will terminate the first lease, and from that time will bar
a recovery of rent from the first lessee.

4. SAME—*pled.* In a suit upon a written lease for the recovery of rent,
the defendants, who were the lessees, pleaded in bar as to the rent from a
certain day, that on such day the plaintiff, with the assent of defendant,
leased the premises to another person named, at a specified rent, and ac-
cepted such person as his tenant in the place of the defendant; that such
person took possession of the premises, and has since paid the plaintiff all
the rent due under his lease, and the acceptance of rent from such new
lessee by the lessor, whereby the said indenture (sued upon) was can-
celed and annulled: *Held,* that the plea showed a complete defense to
the recovery of rent accruing after such new arrangement.

5. SAME—*surrender—abandonment.* The lessee can not surrender prem-
ises leased to him, before the expiration of the term, so as to absolve him-
self from the payment of rent thereafter, without the consent of the lessor;
and the abandonment of the premises, with notice thereof to the lessor,
will not exonerate the lessee thereafter from his obligation to pay rent, un-
less the lessor assents thereto.

6. INSTRUCTION—*as to evidence.* According to the practice in this State
the court is not justified in instructing the jury that any fact has or has
not been proved, where any evidence has been admitted bearing upon the
point, except where a question of law is involved, as in the proof of title.

7. ERROR—*not cause for reversal.* Where the court instructed the jury
that there was no evidence of a material fact involved, and there was evi-
dence admitted on the point, which this court deemed wholly insufficient
to establish the fact: *Held,* that, as the error worked no prejudice, it was no
ground for reversal.

APPEAL from the Circuit Court of Adams County; the
Hon. JOSEPH SIBLEY, Judge, presiding.

This was an action of covenant upon the following lease:

"This indenture, made this first day of January, A. D. 1867,
28—62D ILL.

between Harrison Dills, of Quincy, Illinois, of the first part, and Alex. Stobie, L. H. Wilcox, and John W. Obert, Trustees of Quincy Lodge No. 139, I. O. of G. Templars, or their successors in office, of Quincy, Illinois, of the second part, witnesseth : that the said party of the first part, for and in consideration of the covenants and agreements hereinafter mentioned, to be kept and performed by the said party of the second part, their executors, administrators, and assigns, has demised and leased to the said party of the second part all those premises, etc.  To have and to hold the above described premises, with the appurtenances, unto the party of the second part, their executors, administrators, and assigns from the first day of January, A. D. 1867, for, and during, and until, the first day of January, 1872.  And the said party of the second part, in consideration of the leasing of the premises aforesaid by the party of the first part to the party of the second part, does covenant and agree with the said party of the first part, his heirs, etc., to pay to said party of the first part, as rent for said demised premises, the sum of three hundred dollars per annum, payable at the end of each month, at the rate of twenty-five dollars per month."

The parties of the second part, in all the covenants following use the words "they," and "their heirs." The lease was signed, H. Dills (L. S.), Alex. Stobie (L. S.), L. H. Wilcox (L. S.), John W. Obert (L. S.).

The breach assigned was the non-payment of twelve hundred dollars rent, up to Dec. 31, 1870.

The defendants pleaded eleven pleas :

1. *Non est factum,* verified by affidavit.

" 2.  And for an amended plea by them secondly above pleaded in this behalf, the defendants say, *actio non,* because they say that no part of the said rent in the said declaration mentioned is in arrear, or unpaid, in the manner and form as the said plaintiff hath above, in his declaration in that behalf, alleged, and of this the said defendants put themselves upon the country," etc.

" 3.   And for a further amended plea by them thirdly above pleaded in this behalf, the defendants say, *actio non*, because they say that they executed the indenture as trustees of Quincy Lodge No. 139, Independent Order of Good Templars, a corporation duly incorporated under and by virtue of the statute of this State, for and in behalf of the said corporation, for the sole and only purpose of binding the said corporation, and not otherwise, or in any other capacity whatever, and not for the purpose of binding themselves individually ; that the said defendants, at the time of executing the said indenture, had full power and authority to make, execute, and seal the said indenture in behalf of the said corporation, and to bind the same thereby, all of which the said plaintiff then had notice and consented thereto, and this the said defendants are ready to verify, wherefore they pray judgment," etc.

4.   In substance, that at the end of each month the plaintiff has been paid divers sums of money, amounting, *to-wit,* to all the money in the declaration mentioned, in full satisfaction and discharge of all the causes of action mentioned, and which payments plaintiff accepted in full satisfaction and discharge.

" 5.   And for a further plea in this behalf, as to so much of the rent as is alleged in said declaration to be due for the use of the premises in said declaration mentioned, since the first day of January, A. D. 1869, the said defendants say, *actio non*, because they say that after the alleged making of the said indenture in said declaration mentioned, and on or about the first day of January, A. D. 1869, the said plaintiff, with the assent of the defendants, leased the said premises to John K. Van Doorn, for the sum of two hundred dollars per year, or sixteen and two-thirds dollars per month, and accepted the said Van Doorn as his tenant in lieu of and substitution for all previous lessees of said premises ; and that the said Van Doorn took possession of the said premises under and by virtue of the said lease, and has since paid to said plaintiff all of the said rent due under and in pursuance of the said lease to him, as aforesaid, and the said plaintiff accepted and received

the said rent for the use of the said premises from the first day of January, 1869, until the said premises were surrendered to said plaintiff under and in pursuance of the said lease last above mentioned, from the said Van Doorn in full satisfaction thereof, whereby the said indenture in said declaration mentioned, was annulled, canceled, and set aside, and the said defendants, if ever bound thereby, were released therefrom, and this," etc.

6, 7. These were the same as the preceding, except as to name of new lessee.

8. In substance, as to rent since January 1, 1869, *actio non*, because on that day the indenture sued on was canceled by reason of plaintiff leasing the premises to other agents of the Order of Good Templars at two hundred dollars per annum rent, to which the defendants assented.

9. Sets up a promise to reduce the rent from a certain time.

10. Alleges that, on November 1, 1869, defendants surrendered the unexpired term to plaintiff, which he accepted.

11. Alleges that plaintiff caused defendants to be notified, in substance, that when the premises should be vacated he would thereafter claim no rent, and that defendants, relying on this, caused the premises to be vacated on the first day of November, 1869, and the plaintiff to be notified thereof, who made no objection, and that defendants since failed to occupy the premises, and charges the facts as an estoppel to demand rent after November 1, 1869.

The plaintiff filed general and special demurrers to pleas 2, 3, 4, 5, 6, 7, 8, 9, and 11. The court sustained the demurrer to all of such pleas except the second and fourth. The ninth was amended and replications filed to fourth and ninth as amended, and to tenth.

On the trial the court instructed the jury, at the instance of the plaintiff:

1. The court instructs the jury, at the instance of the plaintiff, that the lease read in evidence is the deed of the de-

fendants in their individual capacity, and not of the alleged lodge of Good Templars, or any other association or corporation.

2.   If the jury believe, from the evidence, that the plaintiff and defendants executed the lease in controversy, and that the defendants received possession of the premises therein described, then the defendants are liable to pay the plaintiff the amount of the rent accrued thereon up to the commencement of this suit, deducting such payments as are proven by the evidence to have been made thereon, unless the jury believe from the evidence that the said lease has been canceled, surrendered, or modified by further valid agreement between the parties to said lease.

3.   In respect to the alleged surrender of the premises in controversy to the plaintiff, the jury are instructed that no such surrender could take effect unless the plaintiff, by himself, or by his authorized agent, accepted such surrender; and although the jury may believe, from the evidence, that the defendants vacated the premises in controversy, and gave notice thereof to the plaintiff, yet this would not exonerate them from the payment of rent, unless assented to by the plaintiff.

4.   The jury are instructed, that in order to constitute a valid surrender of a lease, there must be an acceptance by the lessor of the offer of the lessees to surrender the same; and the jury are further instructed, that there is no evidence before them of any acceptance by the plaintiff in this case of the alleged offer of the lessees to surrender the same, and if the jury believe, from the evidence, that the lease in controversy was executed by the plaintiff and defendants, then the jury should find for the plaintiff, for the time during which they may believe, from the evidence, that the rent has remained unpaid, at the rate of three hundred dollars per year, or of two hundred dollars per year, depending on whether the jury believe, or do not believe, from the evidence, that the amount of rent was modified and reduced by agreement between the plaintiff and the witness, J. K. Van Doorn, as testified to by him.

The errors assigned are, on the sustaining a demurrer to appellant's second and third amended pleas, and to pleas six, seven, eight, and eleven.

Messrs. MOORE & THOMPSON, for the appellants.

Mr. GEORGE W. FOGG, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

There can be no doubt that the defendants in this case are personally liable for the rent. It is true, they are described in the lease as " trustees of Quincy Lodge No. 139, I. O. of G. Templars," but this is merely " *descriptio personarum.*" They execute the lease as private individuals, and in the body of the instrument covenant personally to pay the rent. The point is too plain for argument, and the circuit court decided properly in refusing to receive evidence *dehors* the lease, as to the intent of the parties.

The only material error in this record is in sustaining the demurrer to the fifth, sixth, seventh, and eighth pleas. The fifth set up a new lease of the premises by the appellee to Van Doorn, a taking of possession and payment of rent by him, and his acceptance by the appellee as his tenant in lieu and discharge of the appellants, and with their consent. This was pleaded as a defense to the recovery of rent that had accrued after January 1, 1869, when it is alleged this arrangement was made, and to that extent was a complete defense. The objections urged to the plea on the ground of its uncertainty, are not well taken. The sixth, seventh, and eighth pleas were the same in substance, merely alleging the new lease as running to a different person, in each plea. For the error in sustaining the demurrer to these pleas, the judgment must be reversed.

Objection is taken to a statement made by the court, in one of its instructions, to the effect that there was no evidence that the plaintiff had accepted a surrender of the lease. It is not

customary in this State for the court to tell the jury that any fact has or has not been proven, where any evidence has been admitted bearing upon the point, except where a question of law is involved, as in the proof of title. The proof, however, was wholly insufficient to show an acceptance of a surrender; and as this statement worked the appellants no prejudice, it would not be a ground of reversal. We reverse solely for the error in sustaining the demurrer.

*Judgment reversed.*