# N. Y. COMMON PLEAS.

WILLIAM MACKELLAR, plaintiff and respondent, agt. SYLVESTER SIGLER, defendant and appellant.

*Landlord and tenant— monthly rent— abandonment within the year.*

Where a *tenant* hires a house for a year from the first day of May, and is to pay the rent monthly in advance, and on the first day of February he abandons the premises for the alleged cause that they are untenantable, and gives up the keys to the landlord, he is liable in any event for the rent of the month of February.

The landlord, in the latter part of March, having, by his previous acts, accepted possession, relet the premises to another tenant for thirteen months, claiming that for the month of April he relet on the tenant's account. *Held*, that there being no agreement in the lease giving the landlord authority to relet the premises on the tenant's account, he could not do so.

Where the landlord, by his acts in making repairs, &c., takes possession of the premises after they have been abandoned by the tenant, he rescinds the agreement and terminates the relation of landlord and tenant, and thereby discharges the tenant from all liability to pay rent thereafter.

*General Term, January*, 1874.

*Before* DALY, *Ch. J.*, ROBINSON *and* LOEW, *JJ.*

APPEAL from a judgment of the ninth district court.

This action was brought to recover the sum of seventy-five dollars for two months' rent of a house in 117th street, in the city of New York.

The letting was for one year from the 1st day of May, 1869, to the 1st day of May, 1870, at the yearly rent of $450.

On the 1st day of February, 1870, the tenant abandoned the premises on the ground that they had become untenant-

able by reason of an overflow of water from the adjoining house; and at the same time he sent the keys to the plaintiff's residence.

On the trial it appeared that in the latter part of March the plaintiff rented the house to another party for the term of thirteen months, commencing on the 1st day of April, 1870, and ending on the 1st day of May, 1871. The renting for the month of April the plaintiff claimed he did on account of the defendant.

The new tenant went into possession on the 1st day of April, 1870.

The justice rendered judgment in favor of the plaintiff for the amount claimed by him, and the defendant appealed to this court.

*Alfred McIntire,* for defendant, appellant.

*Irving C. Smith,* for plaintiff, respondent. ·

LOEW, *J.*—As there is nothing in the evidence to show that, in the agreement for the letting and hire of the premises in question, the landlord reserved the right to relet them, on the tenant's account, in case they became vacant during the term; and as he did not even notify the tenant of his intention so to do, it is quite plain that when he let the house to another person, it could not have been on behalf of the defendant, and that the tenancy became thereby determined, and the defendant from thenceforth discharged from his obligations as tenant (*Walls* agt. *Atcheson,* 3 *Bing.,* 462; *Murray* agt. *Shave,* 2 *Duer,* 183; *Hegeman* agt. *McArthur,* 1 *E. D. Smith,* 147).

But this act of the plaintiff did not release the defendant from liability for any rent which may have previously accrued and become due. And as, by the terms of the agreement, the rent reserved was to be paid monthly in advance, the question arises whether or not the plaintiff can recover for the months of February and March.

So far as the rent for the month of February is concerned, I think he can. This, according to the contract, became due on the first day of that month; and although some of the acts hereinafter mentioned occurred before the expiration of said month, still, as the rent had previous thereto become due and payable, they constituted no defense to plaintiff's right of action therefor (*Giles* agt. *Comstock*, 4 *N. Y.*, 270).

But I entertain no doubt that they were sufficient in law to bar his claim for rent for the month of March.

From the evidence returned to us it seems that the plaintiff not only retained the key of the premises, but he testified that he " went into the house to see what condition it was in *and to make repairs.*" It further appears, from his own testimony, that he entered the house within a day or two after the tenant had abandoned it; that he had a carpenter at work there three days in February, and again in the latter part of March; and also that he put in a new mantel, and had the walls in the house papered.

Now, although the plaintiff refused to accept the surrender of the premises which the defendant offered to make, just prior to the time when the latter vacated them, yet these subsequent acts, on the part of the plaintiff, were so entirely inconsistent with the relation of landlord and tenant, which had subsisted between them, as to preclude the idea of a continuance thereof.

In the absence of a stipulation to that effect, in the agreement creating the tenancy, the landlord has no right, except, perhaps, where it may be requisite to prevent waste, to enter the demised premises during the term, without the consent of his tenant, to make repairs; and if he does, he will be deemed a trespasser, and become liable as such (*Barker* agt. *Barker*, 3 *C. & P.*, 558; *and see Shannon* agt. *Burr*, 1 *Hilt.*, 39).

As the plaintiff would unquestionably have been a trespasser if he had done the acts in question against the will of the defendant, it seems plain that they are, under the circum-

MacKellar agt. Sigler.

stances of this case, equivalent to an agreement on his part to resume possession, and amount to a surrender by operation of law.

It is clear to my mind, therefore, that by, in effect, taking possession of the premises, after they had been abandoned by the defendant, and making the repairs and alterations referred to, the plaintiff rescinded the agreement and terminated the relation of landlord and tenant, and thereby discharged the defendant from all liability to pay rent for the month of March.

The judgment of the justice should be reduced to thirty-seven dollars and fifty cents, being the rent for the month of February, and affirmed for that sum, with costs of the court below, and reversed as to the residue, without costs of appeal to either party.

DALY, Ch. J., and ROBINSON, J., concurred.