## J. D. WEINER v. JENNIE BALDWIN.

**No. 340.**   (59 Pac. 40.)

ACTION FOR RENT—*Instructions.* The instructions complained of set forth, and *held*, under the facts, that they are not misleading, and fairly present the law applicable to the facts and the issue submitted.

Error from Reno district court; F. L. MARTIN, judge. Opinion filed November 21, 1899. Affirmed.

*C. M. Williams,* for plaintiff in error.

*H. Whiteside,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This action was commenced by Jennie Baldwin, defendant in error, in the district court of Reno county, against J. D. Weiner, plaintiff in error, upon a written lease, to recover rent alleged to be due for a certain building in the city of Hutchinson. The defendant below brings the case here.

The errors presented in the brief are "that, under the facts of the case, the court erred in its declarations of law in the sixth, eighth, ninth, tenth and eleventh instructions to the jury." That the facts may appear, all the instructions are set forth. They are as follows:

"1. The plaintiff claims judgment for five hundred and twenty-five ($525) dollars, with interest thereon

at six per cent. from the time when the several months' payments became due to this date. This judgment she claims by virtue of a written lease, which has been introduced in evidence and which is before the jury.

"2. The defendant admits the execution of the lease as alleged by the plaintiff, and for his defense says that he occupied the premises described in the lease until January 1, 1893, at which date, by and with the consent of the plaintiff, he sold his business and the merchandise contained in said building to the Docherty Dry-goods Company, with his interest in and to said lease, and delivered possession of the said premises and said stock of merchandise and said lease to the Docherty Dry-goods Company; that the said dry-goods company, by and with the consent of the plaintiff, took possession and control of the premises under and by virtue of said lease and occupied the same up until the month of February, 1894; that during all of said time plaintiff recognized and acknowledged the said Docherty Dry-goods Company as her tenant and collected rent for the occupancy of said premises from the said Docherty Dry-goods Company, and never after the said 1st day of January, 1893, requested and demanded of this defendant the payment of rent, and refused in any manner to recognize the defendant as her tenant. The answer also alleges that the merchandise of the Docherty Dry-goods Company was sold under a chattel mortgage and that plaintiff permitted it to remain in the building for a long time thereafter and demanded and received rent from the occupant thereof; and the defendant says that since January 1, 1893, he did not occupy or control said premises nor have any interest of any kind or character therein or the business that was conducted therein; the plaintiff never demanded any rent after the said date, but relied wholly upon the occupant of the premises from said date to the expiration of the lease for the payment of the rent of the same. And the defendant further says that the plaintiff verbally consented and promised to defendant that she would release him from liability under said lease in consideration of defendant permit-

ting said premises to be occupied by the said purchaser or purchasers of the said stock of merchandise therein contained.

"3. The plaintiff files a reply denying all of the allegations of the answer.

"4. I instruct you, gentlemen of the jury, that the burden of proof in this case is upon the defendant, and that the plaintiff is entitled to recover the amount prayed for in her petition, unless you find from a preponderance of the evidence that the defense has proved that it was mutually agreed between plaintiff and defendant that the defendant's lease should be surrendered.

"5. The agreement to surrender the lease need not be in writing, and the contract to surrender must be shown by the defendant to have been made either in express terms or to be implied from the facts and circumstances and dealings between the plaintiff and defendant, and to the other parties to whom the defendant transferred the possession of the premises.

"6. The lessee cannot surrender premises leased to him before the expiration of the term so as to absolve himself from the payment of rent thereafter without the consent of the lessor. The abandonment of the premises with notice to the lessor will not exonerate him thereafter from his obligation to pay rent unless the lessor consents thereto.

"7. I instruct you that the restriction in the written lease in evidence against subletting is for the lessor and may be waived; that if the defendant put in an undertenant the underletting is not void, but only voidable, and if the plaintiff does not at once on knowledge and in a reasonable time declare the lease void in consequence or assent to its surrender, it is still binding in every other respect on the first lessee, and the landlord can sue him for non-payment of rent and recover.

"8. The fact that the plaintiff in the case did not object to the defendant transferring the possession of the building to the Docherty Dry-goods Company, or the mere fact that she expressed herself with being pleased with the change of the store, and the mere fact

that she subsequently accepted the payments of rents due according to the terms of the lease with the defendant, are not conclusive evidence and are not sufficient, standing alone, to estop her from denying that she consented to the surrender of the lease.

" 9. On the other hand, if you find that the defendant has shown by a preponderance of the evidence that the plaintiff expressly consented to the defendant's transferring the possession of the building to the Docherty Dry-goods Company because she preferred that company as a tenant to the defendant, or find by a preponderance of the evidence that the defendant surrendered the possession of the store to the Docherty Dry-goods Company, and that the plaintiff made a new contract of lease with the said Docherty Dry-goods Company, or with the successors of the Docherty Dry-goods Company, or any one of them, and that the said Docherty Dry-goods Company or any of its successors took possession of the said premises and paid rent to the said plaintiff under and by virtue of such new contract or lease, this will estop the plaintiff from now denying the surrender of the first lease.

" 10. I instruct you further, that if the evidence shows that defendant sold his stock and put Docherty & Co. in possession of the premises, with no agreement, definite and mutual, with Docherty & Co. in writing to assume all of his obligations in the lease, and for the full term thereof, and that there was no assignment of· the lease to Docherty & Co. and their successors, and in that event the Docherty Dry-goods Company were undertenants of defendant, unless you find, as heretofore instructed, that the defendant surrendered the lease with the consent of the plaintiff. This instruction also applies to the assignment of the lease to Docherty, Kramer & Co. or Martin & Co.

" 11. If you find that that the plaintiff has failed to show by a preponderance of the evidence that defendant consented to the surrender of the lease in accordance with these instructions, I instruct you that it is immaterial whether she made any attempt to lease

the building when it became vacant and unoccupied or not."

The facts stated in the instructions clearly appear from the record. The instructions construed as a complete whole are not misleading and fairly present the issue. No request for special instructions was made. The evidence was conflicting. The case was tried to a jury and there was a verdict for plaintiff, which was approved by the trial court. From a consideration of the entire record, we find no error in the instructions that would compel a reversal.

The judgment of the district court is affirmed.