ARMOUR PACKING COMPANY v. DES MOINES PORK COMPANY, *et al.*, Judgment Defendants, AND C. H. GATES, Garnishee, Appellant.

**Abandonment of Tenant:**   RE-ENTRY BY LANDLORD:   *Abandonment accepted as surrender.* A landlord, who, after the abandonment of the premises by the tenant, re-enters and takes possession for himself, without indicating to the tenant a purpose to hold him liable for the rent, accepts the abandonment as a surrender of the lease, and cannot offset the difference in the rent stipulated in the lease and what he was able to realize for the remainder of the term to a claim by the tenant for goods sold to him.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

FRIDAY, FEBRUARY 14, 1902.

THE plaintiff obtained judgment against the Des Moines Pork Company, and caused C. H. Gates to be garnished, under an execution duly issued, as a supposed debtor of the judgment defendants. Issue was joined on the garnishee's answer, denying any indebtedness, and trial was had to the court. From judgment of $264.37 against him, the garnishee appeals.—*Affirmed.*

*E. B. Evans* for appellant.

*Dunshee & Dorn* for appellee.

LADD, C. J.—The Des Moines Pork Company leased of Gates for one year from June 1, 1897, the building known as No. 506 East Walnut street, at the monthly rental of $41.66. occupied it about two weeks as a meat market, and then, owing to financial troubles, quit business. One month's rent had been paid in advance. Negotiations were begun at once looking to a continuance of the business by one Holehan, a bill of sale of the meats on hand made to him, and a note drawn for their value for him to sign, and indorsed in blank. He refused to take the goods, and, though signing the note, retained it in his pocket. Thereupon Gates took possesion of the building and meats, operated the market himself for 'a short time, and then leased it to a firm composed of himself and Holehan for $25 a month. He appropriated the meats, and it is for their value that judgment is demanded. He insists that this should be offset by the difference in the rent stipulated in the lease and what he was able to realize during the remainder of the term. He claims that the note referred to was indorsed by the company to him as security for the payment of the rent to accrue, and practically that the bill of sale was made out, and the meats turned over for that purpose. On the other hand, Kirkpatrick, a member of the copartnership known as the "Des Moines Pork Company," testified that the sole purpose of the bill of sale and note was to dispose of the property to Holehan, and nothing was said or done with relation to securing rent to become due or transferring the meats or note to Gates; that the negotiations were conducted on the basis that the building was worth the rental stipulated, and giving it up would not involve loss. Evidently the trial court took this view, and found that the company had abandoned the premises, and that Gates had merely re-entered and taken possession for himself. This, without more, would constitute a surrender of the leasehold interest and an acceptance thereof. See *Rice v. Dudley,* 65 Ala. 68; *Brown v. Cairns,* 107 Iowa, 727; *Oastler v.*

*Henderson,* L. R. 2 Q. B. Div. 575; *Stobie v. Dills,* 62 Ill. 432; *Phene v. Popplewell,* 12 C. B. (N. S.) 334; *Shahan v. Herzberg,* 73 Ala. 59; *Kneeland v. Schmidt,* 78 Wis. 345 (47 N. W. Rep. 438, 11 L. R. A. 498) I Washburn, Real Property (4th Ed.), 549; 18 Am. & Eng. Enc. Law, 364. In such a case there is nothing to indicate a purpose on the part of the landlord in resuming possession to hold the tenant liable for the rent or to lease to others on account of the tenant. He merely accepts the abandonment as a surrender of the leasehold interests, and thereby puts an end to the contract. If appellant has any ground of complaint, it is with the findings of fact the district court must have made. With these we cannot interfere. The ruling by which the court refused to open the case and receive further evidence was not an abuse of discretion. There is no occasion to pass on the motions filed.—AFFIRMED.