## HARGROVE *et al.* v. BOURNE.

No. 4199.    Opinion Filed June 1, 1915.

(150 Pac. 121.)

1.    **APPEAL AND ERROR—Presentation Below—Demurrer to Evidence.** Where no objection was made at the trial that a demurrer to the evidence was not in writing and no exception reserved upon that ground, the plaintiff in error cannot urge same as an objection thereto in this court.

2.    **TRIAL—Demurrer to Evidence—Sufficiency.** Under section 5002, Rev. Laws 1910, a demurrer to the evidence may be interposed and filed upon the ground that no cause of action or defense is proved, and a demurrer in the language of the statute is sufficient.

3.    **SAME—Ruling.** Where the evidence as a whole, with all the inferences that can properly be drawn therefrom, will not support a judgment in favor of the party offering it, a demurrer thereto should be sustained.

4. **DAMAGES—Lease—Validity—Provision for Penalty.** A lease contract which provides that the lessee shall deposit $500 in a bank as security to the lessor, and that in the event the lessee shall not comply with said contract, the lessor may, at his option, hold said sum and demand possession, is a provision for a penalty for nonperformance thereof, and is void.

5. **LANDLORD AND TENANT—Abandonment by Tenant—Rights of Landlord.** If a tenant wrongfully abandons leased premises before the expiration of the lease, the landlord may, at his option, re-enter and terminate the contract, and recover the rent due up to the time of the abandonment, or he may permit the premises to remain vacant and sue on the contract for the entire rent, or he may give notice to the tenant of his refusal to accept a surrender when such notice can be given, and sublet the premises for the unexpired term for the benefit of the tenant to reduce the damages caused by the abandonment.

6. **SAME—Action—Evidence.** Where a landlord, after abandonment of the premises by the tenant, re-enters and takes unqualified possession thereof, and deals with the same in a manner inconsistent with the continuation of the term, evidence as to conducting a hotel therein at a loss thereafter is inadmissible, and was properly excluded.

(Syllabus by the Court.)

*Error from District Court, Tillman County;*
*Frank Mathews, Judge.*

Action by Mrs. I. P. Bourne against Mrs. L. L. Hargrove and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Mounts & Davis* and *Gray & McVay,* for plaintiffs in error.

*H. P. McGuire,* for defendant in error.

HARDY, J. Defendant in error brought suit in the district court of Tillman county against plaintiff in error First National Bank of Frederick to recover the sum of $500, alleged to have been deposited with the bank. The bank answered, admitting that it held the money, and that it claimed no interest therein, but was holding as trustee in pursuance of a contract with plaintiff in error Hargrove, and asked that Hargrove be interpleaded, which was done,

and the case was tried, the burden of proof being fixed on plaintiff in error Hargrove, and at the close of her evidence a demurrer thereto was sustained, and judgment rendered in favor of defendant in error against both plaintiffs in error for $500, from which judgment this appeal is brought.

The plaintiffs in error present their reasons for reversal under two propositions: (1) That the court erred in sustaining the demurrer to the evidence, and (2) for the exclusion of evidence offered by plaintiffs in error.

Under the first proposition it is urged that the demurrer should have been in writing, and should have set out the deficiencies in the evidence wherein it failed to show a cause of action or defense. Counsel cite a number of authorities from other states in the Union which hold, under the practice prevailing in those states, that a demurrer should be in writing, and should set out in detail the evidence, and they cite a number of other cases where, from a reading of the opinion, it appears that the demurrer was in writing, and in some of the cases set out the evidence in detail, as it is urged should be done in this case. The record does not show whether the demurrer was in writing or not, but, assuming that it was not written out by counsel, it was dictated to the court reporter, and by him included in his notes of the trial, and was afterwards, evidently at the request of counsel, transcribed and made a part of the case-made. This is in accordance with a custom that has prevailed in this state to such an extent that it is well nigh uniform; and certainly, in the absence of any specific request that same be reduced to writing, and exceptions reserved to a failure to so require, there can be no prejudice to plaintiffs in error from this cause. The record fails to show that any objection was made to the demurrer on the ground that same was not in writing, or any exceptions saved for failure to reduce

same to writing, and therefore this objection, if it be well taken, was waived.

Section 5002, Rev. Laws 1910, provides:

"3. The party on whom rests the burden of the issues must first produce his evidence; after he has closed his evidence the adverse party may interpose and file a demurrer thereto, upon the ground that no cause of action or defense is proved. * * * "

From this statute it will be seen that the demurrer may be interposed on the ground that no cause of action or defense was proved, and the demurrer in this case is in the exact language of the statute, and upon this point we think is sufficient.

This, then, brings us to the question whether the evidence was sufficient to take the case to the jury. Where the evidence as a whole, with all of the inferences that can properly be drawn therefrom, would not support a judgment in favor of the party offering it, a demurrer should be sustained thereto. *Pringey v. Guss*, 16 Okla. 82, 86 Pac. 292, 8 Ann. Cas. 412; *McGuffin v. Coyle*, 16 Okla. 648, 85 Pac. 954, 86 Pac. 962, 6 L. R. A. (N. S.) 524; *Willoughby v. Ball*, 18 Okla. 535, 90 Pac. 1017; *Shawnee Fire Ins. Co. v. Thompson et al.*, 30 Okla. 466, 119 Pac. 985. The evidence offered at the trial was to the effect that the plaintiff in error Hargrove had rented to defendant in error a certain hotel in the town of Frederick, for the term of 12 months, at a monthly rental of $137, and at the same time defendant in error placed in the First National Bank the sum of $500 as security to comply with the lease contract, it being stipulated that plaintiff in error Hargrove, at her election, might hold the sum deposited in the bank in the event defendant in error should not comply with her agreement, and might also demand possession of the premises, considering the lease at an end; that defendant in error went into possession of said hotel,

and remained in possession thereof two months, and there-upon closed the building and turned the keys over to plaintiff in error Hargrove, who objected to receiving same. Thereafter plaintiff in error Hargrove moved into the hotel, and within a few days opened the same and continued to run the place as a hotel, but insisting that she did not take charge of it with the intention of releasing defendant in error from her contract. As has been seen, the trial court sustained a demurrer to the evidence, and directed a verdict in favor of defendant in error for the amount sued for; and the question presented is whether or not by her conduct plaintiff in error Hargrove has, in contemplation of law, accepted the surrender of the leased premises, and thereby terminated the lease contract, and the rights and liabilities of the parties thereto.

It is true that after premises are wrongfully abandoned by the tenant the landlord may take possession of the premises for the protection and preservation thereof, in which case his measure of damages would be the agreed rental as fixed by the terms of the contract; or he may let the premises stand vacant, and in that event would be entitled to collect the rent according to the terms of the lease; or he may give notice to the tenant of his refusal to accept a surrender, when such notice can be given, and sublet the premises for the unexpired term for the benefit of the tenant to reduce the damages. *Higgins v. Street,* 19 Okla. 47, 92 Pac. 153, 13 L. R. A. (N. S.) 398, 14 Ann. Cas. 1086. But the mere acceptance of the keys by the landlord is not of itself sufficient to amount to an acceptance of the surrender by operation of law where at the time the keys are delivered the landlord expressly declines to agree to a termination of the lease. *Livermore et al. v. Eddy,* 33 Mo. 547; *Hanham v. Sherman,* 114 Mass. 19; *Withers v. Larrabee,* 48 Me. 570; *Breuckmann v. Twibill,*

89 Pa. 58; *Smith v. Hunt,* 32 R. I. 326, 79 Atl. 826, 35 L. R. A. (N. S.) 1132, Ann. Cas. 1912D, 971.

If, however, upon a surrender of the leased premises by the tenant the landlord re-enters and takes unqualified possession of the demised premises, and deals with them in a way wholly inconsistent with the continuance of an already existing and unexpired term, there is a surrender by operation of law. 2 McAdam, L. & T. 1283; 1 Woodfall, L. & T. 302; 24 Cyc. 1367; 2 Wood, L. & T. 1173; *Rice v. Dudley,* 65 Ala. 68; *Shahan v. Herzberg,* 73 Ala. 59; *Brown v. Cairns,* 107 Iowa, 727, 77 N. W. 478; *Armour Packing Co. v. Des Moines Packing Co.,* 116 Iowa, 723, 89 N. W. 196, 93 Am. St. Rep. 270; *Stobie v. Dills,* 62 Ill. 432; *Kneeland v. Schmidt,* 78 Wis. 345, 47 N. W. 438, 11 L. R. A. 498; *McKellar v. Stigler,* 47 How. Prac. 20; *Gray v. Kaufman D. & Ice Cream Co.,* 162 N. Y. 388, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327; *Deane v. Caldwell,* 127 Mass. 242; *Everett v. Williamson,* 107 N. C. 204, 12 S. E. 187; *White v. Berry,* 24 R. I. 74, 52 Atl. 682.

It is not necessary to effect a surrender by operation of law that the parties enter into a formal express agreement to that effect, but this intention may be inferred from their conduct (24 Cyc. 1373; *White v. Berry,* 24 R. I. 74, 5 Atl. 682; *Smith v. Hunt,* 32 R. I. 326, 79 Atl. 826, 35 L. R. A. [N. S.] 1132, Ann. Cas. 1912D, 971) ; and where, as in this case, the landlord re-enters and takes possession of the premises and deals with the same in his own behalf and for his own use and benefit, in such a way that his conduct is clearly incompatible with a restricted entry upon the premises, the law will hold him to his conduct and construe the acts done by him to be an acceptance of the surrender and a termination of the rights and liabilities of the parties under the lease. See authorities above cited.

The testimony of plaintiff in error herself showing conclusively that she had entered upon the premises and taken unqualified possession thereof and reopened the hotel, was conducting the same in her own name and for her own benefit, the law will construe her acts and determine her intention therefrom, and hold her to the effect of her conduct, which amounted to a termination of the lease and an acceptance of the surrender of possession.

The stipulation in the lease which required the deposit of $500 in the bank was, in effect, the requirement of a penalty for non-performance, and if said sum be claimed by plaintiff in error Hargrove as a penalty for breach of the terms of the lease contract, her claim cannot be maintained, for the reason that said stipulation would be void under section 974, Rev. Laws 1910; and, if it be claimed as damages for breach of the contract, then same could not be recovered, because prohibited by section 975, Rev. Laws 1910, which provides that every contract by which the amount of damages to be paid or the compensation to be made for breach of an obligation is determined in anticipation thereof is to that extent void, except as expressly provided in the next section, and this case does not come within that section. We have already seen that the true measure of damages would be the rent agreed upon for the premises, which by the contract was fixed at $137 per month, and, plaintiff in error having accepted a surrender of the lease by her conduct, her right to this rent terminated as of the date she re-entered and took possession and opened the hotel on her own account.

Certain questions were asked and objections sustained thereto, and it is urged that this case should be reversed for this reason. The record does not show what the answer of the witness would have been, nor does it show what counsel expected to prove by said witness, but, judging from the questions, the purpose of the inquiry was to elicit information as to whether the hotel had been con-

ducted by plaintiff in error Hargrove at a profit or a loss to her. Where the record does not show what the answer of the witness would have been or what counsel expected to prove, we are unable to determine whether the evidence would have been admissible, because we cannot say whether the hotel was conducted at a loss, and, if so, what loss. *Offutt v. Wagoner,* 30 Okla. 458, 120 Pac. 1018; *Turner et al. v. Moore,* 34 Okla. 1, 127 Pac. 487; *Muskogee Elec. Trac. Co. v. Staggs,* 34 Okla. 161, 125 Pac. 481; *St. L., Iron Mountain & Southern Ry. Co. v. Weldon,* 39 Okla. 369, 135 Pac. 8.

In any event, under our view of the case, this evidence would have been irrelevant to any issue, for the reason that, when plaintiff in error Hargrove took possession of the hotel and conducted same in her own name, thereby terminating the lease, she was not entitled to recover damages thereafter, and therefore her evidence would have been irrelevant, and the action of the court in excluding the same was proper.     ;

The judgment of the court below is, therefore, affirmed.

All the Justices concur, except BROWN, J., absent and not participating.