PHILLIPS v. MAXEY.

No. 31640.   Feb. 13, 1945.

Rehearing Denied April 10, 1945.

Application for Leave to File Second Petition for Rehearing Denied May 15, 1945.

*158 P. 2d 344.*

Spillers & Spillers, of Tulsa, for plaintiff in error.

M. C. Spradling, of Tulsa, for defendant in error.

PER CURIAM. On the 12th day of August, 1942, Augusta J. Maxey, hereinafter called plaintiff, filed her action against Mildred Beattie Phillips, defendant, seeking to recover the balance due on a written lease agreement wherein plaintiff leased to the defendant a certain dwelling house in Tulsa, Okla. At the conclusion of the trial, after all of the evidence had been taken, the trial court directed a verdict for the plaintiff for the full amount of the rent due after the vacancy of the premises by the defendant, and from the order and judgment thereon defendant appeals.

In six allegations of error the defendant has presented the following propositions: (1) under the allegations of the answer and proof in support thereof there was a surrender of the property by mutual consent as of October 1, 1941; (2) it was the duty of the plaintiff when the defendant breached her contract to mitigate damages by using due diligence to re-rent the property in controversy.

It will not be necessary to discuss the second proposition.

As we view it the first proposition submitted by the defendant will dispose of the issues presented in this appeal. The record discloses that on May 1, 1939, the plaintiff leased to the defendant her home in Tulsa, Okla. This was a two-story building with six rooms upstairs and seven rooms downstairs. The defendant occupied the premises and paid the rent to August 1, 1941. The terms of the written lease expired on May 1, 1942. On July 17, 1941, defendant mailed a letter to the plaintiff, who was out of the state, stating that she was surrendering the premises as of August 1, 1941. The evidence is in conflict as to what transpired thereafter. Plaintiff states that she immediately wrote her son-in-law at Tulsa stating that she would not accept the surrender of the premises by the defendant; that she inclosed a letter to be delivered by her son-in-law to the defendant. Thereafter the premises remained vacant up until the 1st day of May, 1942. The plaintiff made no attempt to obtain a new tenant. She states that she had a conversation in September with the defendant and it is upon this conversation that the entire issue presented to this court depends. Defendant states that the plaintiff informed her in this conversation that if she would deliver the keys to the plaintiff, plaintiff would release the defendant from the obligations of the lease; that she relied upon the promise of the plaintiff and delivered the keys and the possession of the premises to the plaintiff. Plaintiff categorically denied any such conversation. A lease in writing constitutes a written contract and the lessee cannot surrender or be released from the terms without the consent of the lessor and it is absolutely essential to the termination of the term that both lessor and lessee agree to the surrender. Higgins v. Street, 19 Okla. 45, 92 P. 153. The mere acceptance of the keys by the landlord is not of itself sufficient to amount to an acceptance of the surrender by operation of law where at the time the keys are delivered the landlord expressly declines to agree to the termination of the lease. Hargrove v. Bourne, 47 Okla. 484, 150 P. 121. It is not necessary to effect a surrender that the parties enter into a formal express agreement to that effect, but this intention may be inferred from their conduct. Hargrove v. Bourne, supra. An express agreement to accept the premises need not be shown, but the landlord's consent may be implied from circumstances and from the acts of the parties. However, there must be some unequivocal act on the part of the landlord which unmistakably evinces an intention on his part to terminate the lease and the relationship of landlord and tenant. Rucker v. Mason, 61 Okla. 270, 161 P. 195. A written lease for a term of years may be surrendered by agreement of the parties thereto with-

420

out the execution of an acceptance of a release in writing. Rogers v. Dockstader, 90 Kan. 189, 133 P. 717; Weiner v. Baldwin, 9 Kan. App. 772, 59 P. 40.

As to whether there was a mutual agreement or a surrender of the premises and the acceptance thereof under the facts and circumstances of this case were questions of fact. Hayes v. Goldman, 71 Ark. 251, 72 S.W. 563; Williamson v. Crossett, 62 Ark. 393, 36 S.W. 27; Enoch C. Richards Co. v. Libby (Me.) 10 Atl. 2d 609, 126 A.L.R. 1215; Conner v. Warner, 52 Okla. 630, 152 P. 1116; Hargrove v. Bourne, supra.

These questions of fact should have been presented to the jury under proper instructions, and it was error for the trial court to direct a verdict for the plaintiff. The cause is reversed and remanded, with directions to proceed in accordance with the views herein expressed.

Reversed and remanded, with directions.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, CORN, DAVISON, and ARNOLD, JJ., concur.