EDWARD NEWTON *vs.* SPEARE LAUNDERING COMPANY.

A tenant from month to month of real estate with machinery and other personal property thereon at a monthly rent agreed to be paid for the use of both the real and personal property, is not liable to the purchaser at a mortgage sale of

the real estate only, for the stipulated monthly rent accruing between the date of the foreclosure sale and the time when the purchaser took possession of the premises, since the original contract of hiring as an entirety terminated upon the foreclosure sale of the real estate. The most that the purchaser is entitled to is what the use of the real estate was worth as distinct from what the use of the personal property was worth, to be recovered under a count for use and occupation.

Merely sending a key of the premises to the owner, without more, is not such a surrender and acceptance of the premises as will discharge the tenant from liability for rent.

DEFENDANTS' petition for a new trial.

*July* 11, 1896. STINESS, J. The defendants hired of the Newport Laundry Co. a laundry plant, comprising both real and personal estate, May 14, 1894, at $125 per month. The testimony shows that a lease was talked about and drawn up, but it was not signed by all of the lessors nor by the defendants, and the only defendant who testified denied that it was agreed to. The judge who tried the case treated the hiring as one from month to month, and we think he was correct.

The real estate was subject to a mortgage, under which it was sold at auction September 8, 1894 ; and the plaintiff, being the purchaser, brings this action to recover the rent due from September 14, 1894, to May 14, 1895, the time when he took possession of the property. Upon these facts the judge directed a verdict for the plaintiff for the amount claimed, and the defendants ask for a new trial upon exceptions to such ruling. We think that the direction was erroneous.

The defendants' agreement to pay $125 per month was for the use of the real estate, together with the machinery and other personal property needed in the business. The testimony does not show an attornment ·by them to the plaintiff, nor an agreement with him as to the amount which he should receive for the real estate alone. According to the record and the ruling of the judge, the personal property remained the property of the Newport Laundry Co. after the foreclosure of the mortgage. Taking the case as it is presented, the most that the plaintiff can demand is what the use of the real estate was worth, distinct from what the use

of the machinery was worth. The previous agreement, as an entirety, came to an end when the mortgage was foreclosed. It is for the jury to assess this sum according to the proof, as in ordinary cases, for use and occupation. *Buffum* v. *Deane*, 4 Gray, 385. The ruling of the court seems to have rested upon two points : First, that the defendants had acknowledged that they were liable at the rate of $125 per month; and, second, that if Mr. Horgan, one of the original lessors, sat by and saw the plaintiff claim the rent, he could not collect it again.

As to the first point, it appears that the plaintiff did so state; but from his whole testimony it is clear that he meant only to say that they admitted that the rent was so much per month, but denied that they were liable to him, and some of these statements were in the course of an attempt to compromise. An admission that the rent was originally $125 per month is not an admission that the defendants were liable to the plaintiff for that sum for the real estate alone.

As to the second point, whether the original lessors would be estopped or not by the plaintiff's recovery of the full amount then agreed upon, it is also clear that the plaintiff had no right, against the objection of the defendants, to recover more than the use of the land was worth, and that they had the right to have his judgment limited to that sum. The assessment of the plaintiff's claim should have been left to the jury, and therefore a new trial must be granted.

Another question is made, which should be disposed of for the purposes of another trial. The defendants claim to have abandoned the property February 14, 1895 ; to have sent the key to the plaintiff, and that they are not liable for the rent after that time. The plaintiff admits that the key was sent to his office, but he denies that he took any possession of the property until May 14, 1895. The judge correctly ruled that, if the defendants were tenants from month to month, they were liable for the rent until they terminated the tenancy by proper notice, or until a surrender and acceptance of the premises by the owner. Sending a key to the owner, without more, is not such a surrender and acceptance as will

discharge a tenant's liability for rent.  *Townsend* v. *Albers*, 3 E. D. Smith (N. Y.) 560 ; *Withers* v. *Larrabee*, 48 Me. 570 ; *Pier* v. *Carr*, 69 Pa. St. 326.

Other questions were raised as to the payment of some rent from attachments, and as to storage of wagons, but the testimony is not sufficiently clear to enable us to pass upon them.   As frequently happens, counsel asked questions with reference to writs and papers which they held in their hands, which are not filed with the papers and do not come to us. We have, therefore, no means of knowing what the answers relate to.   Some of the questions in this case are confused in that way.

We think that the declaration is defective in its lack of a count for use and occupation, but this defect can be cured by amendment.

*William P. Sheffield, Jr.*, for plaintiff.

*Charles Acton Ives*, for defendants.