**Louis D. H. Spikings, Appellee, v. Martin Fox et al., Appellants.**

**Gen. No. 14,078.**

1. LANDLORD AND TENANT—*what not defense to action for rent.* A bad condition of sewerage etc. in demised premises does not constitute an eviction and is not a defense to an action for the recovery of rent where the lease recites that the lessee has "received the demised premises in good repair and condition and will keep them in good repair."

2. LANDLORD AND TENANT—*what not acceptance of surrender.* Merely retaking possession of demised premises after abandonment by the tenant and re-renting the same without notice to or consent by the tenant, is not by itself an acceptance of surrender even though the terms of the demise did not specifically authorize such action by the landlord.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed December 21, 1908.

**Statement by the Court.** This is an appeal from a judgment of the Circuit Court in favor of the appellee, Spikings, for $1,060.29. It was rendered March 20, 1907. The action was in assumpsit for rent of certain premises leased by Spikings to the appellants. The lease was in writing and leased for five years from the first day of May, 1898, at the rental of $1,500, to be paid in monthly instalments of twenty-five dollars each, the following property: "The store and basement and yard and part of barn

at 2463 Lincoln avenue and the six room flat situated
at No. 2461 Lincoln avenue". The following clause
follows this description of the property: "The base-
ment to have floor and sink and two gaslight and one
offen to be 12 ft. X 14 ft. inside. Store to have one
sink; barn to have three stalls and to make driveway
into the yard from Carmen ave. or the alley, the offen
to be the same as the one at No. 317 W. 12th street".

The defendant pleaded the general issue and also a
plea that the words above quoted constituted a con-
dition precedent which the plaintiff had promised to
perform, but which he never did perform, "where-
fore the consideration of the lease has wholly failed".
To this plea the plaintiff replied, traversing it.

The cause was submitted to the court without a
jury, and it found for the plaintiff and gave judg-
ment for the sum above mentioned. It was computed
as follows: From the full sum of the rent reserved—
$1,500—was deducted $75 paid by the appellants when
they took the lease, and $534 collected by the plaintiff
for occupation before April 30, 1903, from other ten-
ants to whom he rented the premises after their
abandonment by the defendants three months after
taking possession of them. This sum of $534 was,
the plaintiff says, the amount he received, "trying to
rent it to whomever he could".

The balance left due on the lease, according to
plaintiff's claim, was $891, which, with interest to the
date of the judgment at 5 per cent., made up the sum
designated—$1,060.29.

PLOTKE & KAUFMAN, for appellants.

EBEN F. RUNYAN, for appellee.

MR. JUSTICE BROWN delivered the opinion of the
court.

The defense made in this case was threefold:

First. That the lease contained "conditions pre-

cedent" to the covenant of the lessees to pay rent, which conditions precedent were not performed by the lessor. Waiving any question whether the words which appear in the lease after the description of the property constitute "conditions precedent", the evidence is quite clear that the promises were performed. The only testimony of any definiteness on the subject tended to prove that the work promised was all done, and, moreover, was done under the suggestions and actual supervision of the appellant, Martin Fox. It tended to prove further that an improvement or addition to what was required by the lease was made at his suggestion, partly at the expense of the lessor. There was therefore no merit in this defense.

The second ground of defense was that there had practically been an "eviction" by the act or neglect of the landlord, releasing the defendants from the payment of rent.

This rested on various offers made by the defendants (which were rejected by the court) to show a bad condition of the sewerage connections on the property and a bad condition of the furnace therein. But the lease recites that the defendants covenant that "the party of the second part received the demised premises in good order and condition and will keep them in good repair", and that all plumbing, water pipes and sewerage shall be at the risk of said party of the second part. The offers were properly refused on that account. There was evidence of the bursting of a supply pipe at the sidewalk outside the building, which made some temporary trouble in the basement, but that could constitute no eviction. The second ground of defense therefore also failed.

The third ground is the one most vigorously insisted on. It is thus stated in the argument of appellants:

"Appellants' contentions in this case are that after they vacated and abandoned the premises, appellee took possession of the same and re-rented the prem-

ises for the balance of the term to others, without notice to appellants and without their consent".

As the lease did not contain an express provision giving the lessor the right of re-entry and re-renting for the benefit of the lessees in case of abandonment of the premises by the latter—the appellants say:

"Appellee, having taken possession and without notice to and consent of the appellants re-rented the premises to others for the remainder of the term, thereby accepted the surrender and released appellants from any further obligations on this lease".

Again it is said: "The evidence * * * shows a clear intention upon the part of appellee, the landlord, to accept the surrender and to release the tenant as inferred from his acts and conduct in the matter. For more than four years appellee was silent, and at no time during that period did he ever demand any rents of appellants, nor ever notified them or communicated with them in reference to the premises in question".

To sustain these propositions counsel for appellants cite some text-book authorities and adjudications in other states. They also quote the head note of the report of a decision by the Appellate Court of the Third District—Palmer v. Myers, 79 Ill. App. 409—to the effect that "A surrender of demised premises may be inferred from the fact that the landlord, after the vacation of the premises by the tenant, rented them to another".

If the meaning of this head note must be taken to be that the acceptance of a "surrender" may be inferred from the fact of re-renting *alone,* it does not properly epitomize the opinion of the court, which treats of a very different condition of things.

The law of Illinois has been explicitly declared to be adverse to the appellants' contention. The opinion of this court in Humiston, Keeling & Co. v. Wheeler, 70 Ill. App. 349, "Nor is a tenant who has abandoned premises and refused to pay rent relieved

from liability by the action of his landlord in renting the premises to another party, save to the extent of the rent so received by the landlord from another", was justified by the decision of the Supreme Court in the same case, when it reached that tribunal. The Supreme Court said: "In case of an abandonment without fault of the landlord or as the result of his acts, he may re-enter and again rent the premises, and credit the lessee with the proceeds, and his so taking possession does not relieve from the payment of rent". Humiston, Keeling & Co. v. Wheeler, 175 Ill. 514.

We think the rulings on the propositions of law tendered by the appellants to the court below, and that court's findings in the cause, were in accordance with the law as we have stated it to be on each of the points involved, and its judgment is therefore affirmed.

*Affirmed.*