HENRY E. SMITH *vs.* EDWARD B. HUNT.

MAY 29, 1911.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Landlord and Tenant.  Surrender and Acceptance.*

Defendant a monthly tenant upon giving notice of intention to move was informed by plaintiff that the notice was insufficient, and that rent for the succeeding month would be claimed.  Plaintiff also wrote defendant to same effect, and suggested necessary precautions to prevent damage to the premises.  Plaintiff also at an interview with defendant insisted that he should claim an additional month's rent.  After defendant moved, plaintiff ascertained that the water had frozen and defendant left a key with plaintiff for the purpose of having the plumbing repaired.  No other keys were delivered, and plaintiff, after repairing the plumbing, had certain ordinary repairs made such as are commonly made while a tenant remains in possession.  Some of this work was done prior to the termination of the period for which plaintiff claimed rent, but without objection from defendant, who came to the house while the work was being performed:—

*Held,* that there was no surrender and acceptance of the premises, and that plaintiff was entitled to recover for the month in question.

(2)  *Landlord and Tenant.  Termination of Lease.  Surrender and Acceptance.*

The relation of landlord and tenant cannot be determined except by the expiration of the lease where there is a lease for a fixed term or, in case of a tenancy from year to year or from month to month by notice given in accordance with the statutory requirements, except by the surrender of the premises by the tenant and the acceptance of such surrender by the

landlord. Whether or not there has been such acceptance or surrender is to be determined by the intention of the parties, and this intention is to be determined by their acts and words.

(3) *Right of Landlord to Enter Abandoned Premises.*

In case of abandonment of leased premises by a tenant it is the landlord's right to enter and do such work as is necessary for the protection of the property and entrance for such purpose and the performance of such work will not convert a mere abandonment by the tenant into a surrender and an acceptance thereof.

ASSUMPSIT. Heard on exception of defendant, and overruled.

PARKHURST, J. This action was brought in the District Court for the Sixth Judicial District to recover rent and money expended to repair damages occasioned by the failure of the defendant to properly shut off water from a house. The cause was, after decision for defendant, removed to the Superior Court on plaintiff's demand for a jury trial. In the Superior Court, jury trial was waived, and the cause was tried before Mr. Presiding Justice Tanner.

At the trial it appeared that the defendant was occupying a house in Cranston as tenant from month to month under the plaintiff; that the monthly tenancy was from the fifteenth day of one month to the fifteenth day of the following month; and that the monthly rate was thirty dollars.

January 10, 1909, the defendant's wife orally informed the plaintiff that her family intended moving during the week then next ensuing. The plaintiff informed her that the notice was insufficient, and that he would be entitled to the rent for the month ending February 15th. The next day the plaintiff wrote to the defendant to the same effect, and also made certain suggestions as to necessary precautions which should be taken to prevent damage to the plumbing in case the defendant moved out during the cold weather. This letter was followed by an interview at plaintiff's house, between the plaintiff and the defendant. At this interview the plaintiff insisted that the defendant, for want of proper notice to terminate the tenancy, was liable for an additional month's rent, and, to assist the

defendant, offered to accept payment in three equal installments, one in February, one in March, and one in April. The defendant said to the plaintiff that such an arrangement would help him, and, according to the plaintiff's testimony, promised to pay in accordance with plaintiff's offer. The defendant removed from the house January 12, 1909.

January 17, the plaintiff, in examining the premises, found a window open. He entered through the window and ascertained that water had frozen in the closets, tanks, and traps. He then induced the defendant to visit the premises with him. The parties effected an entrance by means of the defendant's key to the back door. It was then agreed that the plaintiff should procure a plumber to do the work necessary to prevent damage, and the key to the back door was left with the plaintiff for that purpose. No other keys were ever delivered by the defendant to the plaintiff. The plaintiff had the plumbing put in order and also had certain renovating work performed in the house, generally, to place the same in suitable condition for another tenant, a part before February 15th. The work was finished and the house re-let in April, and the back door key was not returned to the defendant. The plaintiff paid for the plumbing $4.80, and sent the receipted bill to the defendant. While the renovation was in progress, the defendant was at the house and removed certain of his property which he had left when he moved January 12th. The defendant raised no objection to the prosecution of the renovating work, nor did he at the trial claim to have been damaged thereby.

(1)    At the conclusion of the testimony, the Presiding Justice rendered a decision that the plaintiff was entitled to recover the amount of the rent for the month in question, $30, and for plumbing work to the amount of $2, making a total amount of $32. To this decision the defendant has excepted.

The principal question involved is whether or not the delivery of the back door key to the plaintiff and his entry to make repairs to the plumbing, made necessary by the defendant's abandonment of the house in winter weather, and his subsequent general repair of the house to put the same in proper

condition for rental to a new tenant, some of which repairs were made prior to February 15th, under the circumstances was a surrender by the defendant of the premises let and an acceptance by the plaintiff.

The secondary question suggested in his brief by the plaintiff as to the amount to which the plaintiff is entitled on account of his expenditures to prevent damage by reason of the ice in the plumbing fixtures, is not open to us upon the record, because the plaintiff has taken no exception to the decision.

The defendant insists that his surrender of the back door key to the plaintiff, and plaintiff's entry on the premises for the purpose of repairing the plumbing damaged and rendered unsafe by reason of the freezing due to the negligence of the defendant in abandoning the premises in winter, without proper precautions, and the subsequent general repair of the house by the plaintiff, who did some of the same during the month for which rent is claimed, constitute such a surrender on the part of the defendant, and acceptance on the part of the plaintiff, as to terminate the letting, and relieve the defendant of liability to pay any further rent. Defendant's counsel in his brief and argument quite ignores the fact that the plaintiff, upon being notified on January 10th by defendant's wife of their intention to leave during the next week, informed her that the notice was insufficient and that he would be entitled to the rent for the month ending February 15th; that the next day plaintiff wrote to defendant to the same effect, and warned him as to precautions to be taken with regard to the plumbing in case he moved as intended; and further ignores the fact that the plaintiff again notified the defendant at a personal interview that he would hold him for a month's rent up to February 15th, if he moved as intended, without legal notice. These latter facts clearly distinguish the case at bar from the case of *White v. Berry*, 24 R. I. 74, which is the only Rhode Island case cited by the defendant, and upon which he relies; because in that case the defendant gave nearly three months' notice of his intention to terminate the tenancy, the plaintiff never made any objection, made no claim for additional rent, until long

afterwards, within a month advertised the house for rent and showed it to tenants, accepted the keys and entered and put up signs "To Let" in the house; it was held upon petition for a new trial, that there was ample evidence of a surrender by the tenant and acceptance thereof by the plaintiff to support the verdict of the jury in favor of the defendant.

In *MacKellar* v. *Sigler*, 47 How. Pr. 20, also cited by defendant, the defendant was held liable for one month's rent payable in advance for a month after he abandoned the tenement; but the court held that, by reason of acts subsequently done by the landlord, by acceptance and holding of keys, by entry, making repairs, and subsequent letting, there was sufficient evidence that the landlord had accepted the surrender, after the termination of the month for which rent was allowed to be recovered.

In *Nelson* v. *Thompson*, 23 Minn. 508, also cited by the defendant, it was held (speaking of the landlord's agent), p. 512, that "He received the key only conditionally, and with the express declaration that he should still continue to hold the lessees for the rent, upon the covenant in their lease. There can be no pretence, then, of any surrender by virtue of any agreement, as this necessarily implies an intentional and express assent on the part of the lessor to the termination of the lease. Neither can any surrender by operation of law be predicated upon these facts." So far as this case goes, therefore, it is in favor of the plaintiff in the case at bar, and against the defendant's contention.

(2)    The relation of landlord and tenant cannot be determined except by the expiration of the lease where there is a lease for a fixed term or, in case of a tenancy from year to year or from month to month, by notice given in accordance with the statutory requirements, except by the surrender of the premises by the tenant and the acceptance of such surrender by the landlord. Whether or not there has been such acceptance or surrender is to be determined by the intention of the parties. This intention is to be determined by their acts and words. *Coe* v. *Cassidy*, 72 N. Y. 133; *Talbot* v. *Whipple*, 14 Allen, 177. Sending a key to the owner without more is not such a surrender

and acceptance. *Newton* v. *Speare Laundering Co.*, 19 R. I. 546; *Durfee* v. *The United Stores*, 24 R. I. 254; *Nelson* v. *Thompson*, 23 Minn. 508, and cases *infra*.

(3)     In case of abandonment of leased premises by a tenant, it is the landlord's right to enter upon the premises and do such work as is necessary for the protection of the property and entrance for such purpose and the performance of such work will not convert a mere abandonment by the tenant into a surrender and an acceptance thereof. *Smucker* v. *Grinberg*, 27 Pa. Super. Ct. 531; *Breuckmann* v. *Twibill*, 89 Pa. 58; *West Side Auction House Co.* v. *Conn. Mut. Ins. Co.*, 186 Ill. 156; *Gaines* v. *McAdam*, 79 Ill. App. 201, and *Biggs* v. *Stueler*, 93 Md. 100. It is also held that the resumption of possession by the landlord and the making of general repairs before the expiration of the term is not conclusive evidence of an acceptance of a surrender, but is entirely consistent with a distinct refusal. In *Breuckmann* v. *Twibill*, 89 Pa. 58, *supra*, the facts in the case showed that, after abandonment by the tenant and during the time for which rent was claimed, "the plaintiff immediately took possession of said premises and proceeded to repair the house, by building a new bathroom, a new porch, putting in a new range, and making general repairs, such as could not have been done while the house was occupied by a tenant; deponent saw the house repeatedly during the time for which rent is claimed in the suit, and plaintiff was in possession all that time; and said repairs were going on for the greater part of that time." Upon this state of facts the court in its opinion says: "The plaintiff in error in his affidavit of defence very carefully avoided alleging that there was a surrender of the lease accepted by the landlord. Certain facts are averred, which, standing by themselves, would be evidence from which a jury might infer a surrender, but yet entirely consistent with a distinct refusal. Taking possession, repairing, advertising the house to rent, are all acts in the interest and for the benefit of the tenant, and do not discharge him from his covenant to pay the rent."

In *Biggs* v. *Stueler*, 93 Md. 100, *supra*, where it was shown that after abandonment by the defendant, the plaintiff took

the keys under protest, refusing to accept surrender, notifying
the defendant that he would be forced to rent the property "for
your account and risk, charging you with any loss on same,"
&c., and then took possession and in order to rent the property
was compelled to make certain repairs, the court held that such
taking possession and making repairs and subsequent rental
to other parties are not in themselves sufficient to show an
acceptance by the landlord of the surrender of the term so as
to release the tenant from all liability for rent.

In the case at bar, it is possible that the taking of the key
and the making of repairs prior to the fifteenth of February
are facts from which, if they stood by themselves, the court
below might have inferred an acceptance of defendant's sur-
render. But these facts are to be considered in connection
with the express refusal contained in the plaintiff's letter of
January 10th; the undisputed demand of the plaintiff that
the rent for that month should be paid, while willing to agree
that it might be paid in three installments, in order to make it
easier for the defendant, the undisputed fact that the back
door key was left with the plaintiff for the purpose of enabling
him to have work performed for the preservation of his property
to remedy the neglect of the defendant or some person acting
under his authority, and the entire absence of objection on the
part of the defendant to the painting and papering performed
by the plaintiff. It is also to be noted that there is no evidence
that any of the work done prior to February 15th was of such a
character as to have been inconsistent with the defendant's
continued possession and use of the property, up to February
15th, if he had seen fit to continue his occupation, as he had a
right to do, being notified before he moved that he would be
held for the rent up to that time. So far as the transcript
shows, only such ordinary repairs were made prior to February
15th as are commonly made while the tenant remains in pos-
session. When so considered, it is clear that the deduction of
fact drawn by the Presiding Justice of the Superior Court not
only was warranted, but was logically unavoidable.

The defendant's exception is overruled, and the case is

remitted to the Superior Court, with direction to enter its judgment for the plaintiff upon its decision.

*C. M. Van Slyck, Frederick A. Jones*, for plaintiff.

*Edward M. Sullivan, Francis E. Sullivan*, for defendant.