EDWARD S. JOHNSON ET AL. *v.* AMIDAIS DESMARAIS.

Special Term at Rutland, November, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 8, 1921.

*Landlord and Tenant—Parol Evidence Inadmissible to Vary
Clear Terms of Lease—Entire Rent Cannot Be Appor-
tioned As to Time—Abandonment by Tenant Does Not
Release Liability for Rent—Agreement to Terminate Lease
May Be Inferred—Reletting by Landlord May Work Sur-
render of Term—Evidence of Surrender.*

1.  A written lease for an annual rent payable in three equal install-
ments on specified dates at irregular intervals is clear and
unambiguous, and parol evidence, received without objection,
tending to affect its construction in that respect should be
disregarded.

2.  Under such lease, the rent payments are but partial payments of
the entire sum reserved as rent.

3.  While there can be an apportionment of an entire rent as to estate,
in the absence of any covenant or agreement there can be
no apportionment of the same in respect to time, except where
the lessor has a life estate and dies before the rent day.

4.  Where a lease fixes the rent at an annual sum, the tenant's aban-
donment of the premises during the continuance of the lease
does not relieve him from liability to pay rent for the entire
term.

5.  In such case, the parties to the lease may rescind the contract
for the unexpired term, and an agreement to that effect may

be inferred from the circumstances in the absence of an express understanding.

6. Where a tenant abandons the premises without the landlord's permission, a reletting of the premises by the landlord may amount to an acceptance of the abandonment and work a surrender of the term by operation of law.

7. Testimony by the tenant that his landlord did not object to his leaving the premises before the expiration of his term if he found some one to take the place, and that he brought a person who rented the house of the landlord, was sufficient to raise a question for the jury as to whether there was a surrender of the term either by mutual agreement or by operation of law.

ACTION in general and special assumpsit for the recovery of an alleged claim for balance of rent due for use of a farm, and damages for not operating said farm in a husbandlike manner according to the terms of a written lease. Plea, the general issue. Trial by jury in Rutland City Court, Rutland County, *George M. Goddard,* Judge of City Court. At the close of plaintiffs' evidence the Court directed a verdict for the plaintiffs on the question of liability, and submitted to the jury the assessment of damages. The defendant excepted. The opinion states the case.

*C. V. Poulin* for the defendant.

*Lawrence, Lawrence & Stafford* and *A. S. Bloomer* for the plaintiffs.

TAYLOR, J.   This controversy grows out of a farm lease. Under date of March 10, 1917, the parties executed a written agreement by the terms of which the plaintiffs leased to the defendant certain land and buildings for the term of one year from April 1, 1917, with the right in the defendant to renew the lease for a further period of two years upon the notice therein provided. The defendant agreed to pay as rent "the annual sum of one hundred sixty-two dollars, as follows: Fifty-four dollars on July 1st, 1917; fifty-four dollars on October 31st, 1917; and fifty-four dollars on January 1st, 1918". The defendant continued in possession under the lease until the latter part of December, 1919, paying the rent substantially as agreed,

except that by mutual arrangement the October payment was made about the first of the month. The last payment of $54 was made about October 1, 1919. Early in December following the defendant notified the plaintiffs that he intended to move away, which he did toward the end of the month, taking with him his stock and the hay cut on the farm. There was some conflict in the evidence as to negotiations respecting the defendant's leaving the premises before the end of the term. The plaintiffs' evidence tended to show that they objected and insisted that he should stay and fulfill the contract. The defendant's evidence tended to show that while the plaintiffs wanted him to stay until the lease ran out, they did not object to his going if he found some one to take the place, and that accordingly he brought a Mr. Pusallo, who rented the house of the plaintiffs and moved in before January 1st. As to the reletting, the plaintiffs' evidence tended to show that the house was left vacant, and they procured Mr. Pusallo to move in to protect the water from freezing. He did not rent the farm, and the record is silent as to whether he paid rent for the house or what the arrangement was under which he went into possession, except that it was temporary.

The plaintiffs claimed damage for breach of a covenant respecting good husbandry, but the principal controversy was over the matter of rent. Expressly disavowing any claim for rent after January 1st, they claimed to recover the amount due on that date as rent for the months of October, November, and December preceding. They were permitted without objection to give evidence tending to show that each installment of rent covered the intervening period preceding the time of payment, and that the payment falling due January 1, 1920, was the rent for the last three months that the defendant occupied the premises. The defendant's testimony on this subject was equivocal. He insisted that the rent was fully paid to January 1st, but in some of his answers on cross-examination he gave assent to the theory advanced by the plaintiffs. It was admitted that the plaintiffs owed the defendant $20.20, for which he should receive credit on account of rent. At the close of the evidence the plaintiffs moved for a directed verdict. The motion was granted, and the jury instructed to return a verdict for the plaintiffs in the sum of $54 as rent from October 1st to January 1st, less $20.20, the amount of the defendant's offset, and such additional sum as they should award, if any, on the other branch

of the case.   The verdict returned was for $34.80, which under the charge included one dollar as damage for the defendant's failure to operate the farm in a husbandlike manner.   The defendant seasonably excepted to the action of the court in granting the motion and to the charge on the subject of rent.

[1, 2]   It must be held that it was error to grant the motion. There was nothing to show that the parties had modified the terms of the lease respecting rent except as to the time when the October payment should be made.   Indeed, the motion is based upon the claim that the rights of the parties are determined by the written lease, as to which the construction is a matter of law for the court.   The error committed was in holding that the sum to be paid under the lease on January 1st was rent for the preceding three months.   The lease calls for an annual rent payable in three equal installments.   There is no ambiguity in the contract in this respect, and the evidence tending to effect its construction is to be disregarded.   *Greene* v. *Helme*, 94 Vt. 392, 111 Atl. 557; *Vermont Marble Co.* v. *Eastman*, 91 Vt. 425, 444, 101 Atl. 151.   By the terms of the lease the rent period is a full year, and the payments, coming as they do at irregular intervals, are but partial payments of the entire sum reserved as rent.

[3]   Whether the plaintiffs would be entitled to recover the balance of the January payment remaining unpaid would depend upon other considerations.   There can be apportionment of rent as to estate (*Pingrey* v. *Watkins,* 15 Vt. 479); but the rule at common law is that in the absence of any covenant or agreement there can be no apportionment in respect of time, for the contract is entire, and rent does not accrue from day to day. Taylor's Landlord & Tenant, § 389; 3 Kent's* Com. 470; 16 R. C. L. 937; 24 Cyc. 1185.   Thus in *Irving* v. *Thomas,* 18 Me. 418, where premises were leased for three years at a rent of $800 yearly to be paid semi-annually, it was held to be for an annual, and not a semi-annual, rent, and the payment of $400 at the end of six months was to be considered a part of the yearly rent, and not for any specific number of months.   Statutes in England and in some of the states have modified the common law; but, except as changed by II Geo. II, c. 19, which provides for apportionment of rent in respect of time where the lessor has a life estate and dies before the rent day, the common-law rule prevails in this State.

[4-6] The defendant's abandonment of the premises during the continuance of the lease would not relieve him from obligation to pay rent for the entire term. *Pelton* v. *Place,* 71 Vt. 430, 438, 46 Atl. 63; *Amsden* v. *Atwood,* 67 Vt. 289, 296, 31 Atl. 448; *Barlow* v. *Wainwright,* 22 Vt. 88, 52 A. D. 79. So, if the lease remained in force, the plaintiffs would be entitled to demand the balance of the rent for the remainder of the term regardless of whether the defendant occupied the premises. *Barlow* v. *Wainwright, supra.* To be relieved from payment of the balance of the rent, the defendant would have to establish an agreement, express or implied, releasing him therefrom, or show that the lease was terminated by mutual agreement or by operation of law. It would be competent for the parties to rescind the contract for the unexpired term, and an agreement to that effect may be inferred from the circumstances in the absence of an express understanding. *Davenport* v. *Crowell,* 79 Vt. 419, 434, 65 Atl. 557. Besides, if the defendant abandoned the premises without permission of the plaintiffs, the circumstances' attending the reletting may have been such as would amount to an acceptance of the abandonment and work a surrender of the term by operation of law. See *Pelton* v. *Place,* 71 Vt. 430, 439, 46 Atl. 63; 16 R. C. L. 969 and 1153.

[7] There was evidence on which the defendant was entitled to go to the jury. It cannot be held on the evidence as matter of law that the lease was not determined when the defendant vacated the premises. If it should be found that there was a surrender of the term, either by mutual agreement or by operation of law, the defendant's claim that there was nothing due on account of rent would be sustained; for, if the circumstances are such that the rent should be apportioned according to the time that he occupied the premises, the rent was in fact overpaid.

*Reversed and remanded.*