EMIL ALBRECHT, APPELLANT, v. ALBIN THIEME, RESPONDENT.

Submitted November 30, 1921—Decided February 21, 1922.

1. An owner leased a public garage for a term of five years from May 1st, 1920. On February 15th, 1921, the lessee notified the lessor that he would vacate the premises on the last day of February, 1921. The lessor notified the lessee he would hold him responsible for any loss in rent. The lessee left the keys at the office of lessor's attorney. The lessor, on April 1st, 1921, rented the property for a reduced rent and instituted suit against lessee to recover difference in rent. The District Court nonsuited the lessor on the ground that the making of the new lease was either an acceptance of the surrender of the premises or an eviction. *Held,* that the nonsuit was error.

2. In a case presenting the circumstances above stated the question of eviction *vel non* is a question of fact.

3. Declaration of agents acting within the scope of their authority are binding upon their principals and admissible in evidence.

On appeal from the Paterson District Court.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the appellant, *J. Vincent Barnett.*

For the respondent, *Ward & McGinnis.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of nonsuit entered in the District Court of the city of Paterson. On April 26th, 1920, the plaintiff leased to the defendant, by an agreement in writing, a garage at Clifton, New Jersey, for the term of five years, to commence on May 1st, 1920, at the monthly rent, payable in advance, of $250, until January, 1921, and thereafter at the monthly rental of $300, payable in advance. The defendant entered into possession of the premises on May 1st, 1920, and continued in actual possession

thereof and paid rent until March 1st, 1921. On February 15th, 1921, the defendant notified the plaintiff that he would give up the garage on the last day of February, 1921. The plaintiff, through his attorney, notified the defendant that he would not release him from the obligations of the lease and would hold him accountable for any loss which he might sustain. On March 1st, 1921, the defendant went to the plaintiff's place of business and attempted to deliver to the plaintiff the keys for the leased premises. The defendant laid the keys down and the plaintiff told him to see his attorney. The defendant took the keys away with him, and on the following day sent the keys by his son to the office of plaintiff's lawyer, who delivered the keys to the plaintiff. On March 2d, 1921, the plaintiff opened the garage to enable those whose cars were stored there to obtain them, and thereafter kept it open. The cost of keeping the garage open, however, exceeded the amount which the plaintiff received for the storage of the cars. The plaintiff advertised for a tenant and obtained one who took the premises from April 1st, 1921, at a rental of $225. His expenses for advertising and legal advice were $43.80. The plaintiff instituted this suit in the District Court to recover from the defendant $300 for the rent of March, $75 for April, being the difference between the amount defendant covenanted in the lease to pay and the amount received for the garage under the new tenance, and $75 for the difference in rental for the month of May, 1921. The second count of the statement of demand was for $43.80, the amount of the advertising and legal expenses mentioned.

At the conclusion of the plaintiff's case the attorney for the defendant moved for a nonsuit on the ground, first, that the entry of the landlord upon the premises was an eviction of the tenant; second, that the making of the new lease by the landlord to another party was either an acceptance of the surrender of the premises from the former tenant or an eviction, and third, that the District Court had no jurisdiction. The nonsuit was granted.

The facts of the case, as above recited, do not justify the nonsuit upon the theory that there was a surrender of the premises by act and operation of law. A surrender by act and operation of law arises only when the minds of the parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant and the parties execute this intent by acts which are tantamount to a stipulation to put an end to the lease. *Miller* v. *Dennis*, 68 *N. J. L.* 320. In the present case there was no meeting of the minds between landlord and tenant for the purpose of ending that relation. The landlord refused to permit the tenant to give up the premises with his consent and the tenant vacated the premises with full knowledge from the landlord that he proposed to hold him to the covenants of his lease.

The question of whether or not there was an eviction of the tenant by the landlord raises a more serious question. An eviction has been defined as "an act of a permanent character done by the landlord in order to deprive, and which had the effect of depriving, the tenant of the use of the thing demised, or a part of it. *Upton* v. *Townsend*, 17 *C. B.* 30; *Morris* v. *Kettle*, 57 *N. J. L.* 218; *Meeker* v. *Spalsbury*, 66 *Id.* 60. In the present case there was no actual eviction of the tenant as he vacated the premises at his own volition. The essence of an eviction is that it disturbs the possession of the tenant. *Meeker* v. *Spalsbury, supra.* A tenant who has abandoned the premises cannot be actually disturbed in his possession. Where, however, the tenant has vacated and abandoned the premises, an eviction by a re-letting is constructive merely and should, within the reason of the rule, impose upon the landlord no penalty other than that of crediting the tenant with the sum so earned by the property during the term. In a case that presents such circumstances, the question of eviction *vel non* is a question of fact. *Dolton* v. *Sickel*, 66 *N. J. L.* 492. In the present case the trial judge should have disposed of the question as a question of fact, as he was trying the case without a jury. He disposed of the question as a

matter of law when he nonsuited the plaintiff. This, we think, was error.

The trial court refused to admit in evidence the statements of the landlord's attorney to the agent of the tenant, his son, at the time of the delivery of the keys, as also the statements of the son. Both were agents, and at the time were acting within the scope of their authority. Their declarations were binding upon their principals and admissible in evidence. *Wigm. Ev.*, § 1078.

The plaintiff's action was one for rent under the lease, which became due by installments. The landlord upon this theory could only institute suit for the rent due at the time of the commencement of the action which brought the amount sued for within the limit of the jurisdiction of the District Court. The judgment of nonsuit is reversed and a new trial ordered.