CHARLES M. LOTT *et al. vs.* C. C. CHAFFEE.

NOVEMBER 19, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEENEY, J. This action of assumpsit is before the court on plaintiffs' exceptions to the ruling of a justice of the Superior Court directing a verdict for the defendant at the close of the plaintiffs' testimony and denying their motion for a directed verdict.

The action is brought to recover rent for the use and occupation of an apartment, situated in Columbus, Ohio. Plaintiffs introduced in evidence an unsealed lease signed by them and the defendant, by which they leased to him the apartment for one year from the first day of September 1920, for $1,020, payable $85 on the first day of each month in advance. Their testimony proved that the defendant occupied the apartment and paid the rent therefor until

January 15, 1921; that in the early part of that month he asked to be released from the lease and was told that they would not release him; that he abandoned the apartment January 15; that they put a "to rent" sign in it, advertised it for rent, showed prospective tenants through it and finally rented it May 1, 1921, and they claim rent from him under the lease until the apartment was rented. February 11, 1921, the plaintiffs sent a letter to the defendant offering to release him from further obligations under the lease upon the payment of $69.40 and March 28 they sent him another letter stating that if he did not settle promptly on the basis of their previous letter they would hold him on his contract or until the property was rented.

The trial justice directed a verdict for the defendant on the ground that the evidence showed that there was a surrender of the apartment by him and that the subsequent conduct of the plaintiffs amounted to an acceptance of the surrender. The question of the surrender of the premises let by the lessee and the acceptance of the surrender by the lessor has been before this court in the cases of *White* v. *Berry*, 24 R. I. 74, *Smith* v. *Hunt*, 32 R. I. 326, *McGinn* v. *Gladding Dry Goods Co.*, 40 R. I. 348. In each case the question whether there had been an acceptance of a surrender was considered. In the first case it was held that the evidence proved that there had been an acceptance; and in the second case it was held that an acceptance had not been proved. In the *McGinn* case it was held that the reletting to a third party by the plaintiff without notice to the defendant and without knowledge on its part or without its assent operated as an acceptance of a surrender by it from and after the reletting, but that it was bound for the rent under its lease until that time. A surrender by act and operation of law arises only when the minds of the parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant, and the parties execute this intent by acts which are tantamount to a stipulation to put an end to the lease. *Albrecht* v. *Thieme*, 116 A. 276.

In the present case there was no meeting of the minds between the landlord and tenant. The defendant abandoned the apartment with full knowledge that the plaintiffs would not release him from his obligations under the lease. Their conditional offer to release him, contained in their letters, was not accepted by him and consequently does not bind them. The rent was payable in advance on the first day of each month and defendant only paid the rent up to January 15. It has been uniformly held that surrender and acceptance of a term does not release a tenant from liability for rent already accrued at the time of the surrender, and since rent payable in advance is considered as accruing on the day on which it is due, the surrender of a term between rent days does not release the lessee from the payment of the rent for the whole rental period, where it is payable in advance. *Willis* v. *Kranendonk*, 18 A. L. R. 947, 967, note 4 a.

The sole question presented by the exceptions is whether the trial justice should have directed a verdict for either of the parties on the evidence in the case. The fact that the plaintiffs refused to release the defendant from his obligations on the lease before he abandoned the apartment; that they wrote to him soon afterwards stating that they would hold him on his lease until the property was rented unless he settled with them promptly for the sum suggested in their letters, and that he owed them rent for half a month at the time he abandoned the apartment, distinguishes this case from that of *White* v. *Berry*, *supra*, and brings it more in accord with those of *Smith* v. *Hunt*, and *McGinn* v. *Gladding Dry Goods Co.*, *supra*. Upon the evidence the trial justice should have directed a verdict for the plaintiffs for the three and one-half months' rent due up to May 1, 1921, amounting to $297.50, the amount claimed in their testimony, with interest from the date of the writ; and denied the motion of the defendant for a directed verdict.

The plaintiffs' exceptions are sustained. The defendant may appear before the court on Monday, the 24th day of

November, 1924, at 10 o'clock A. M., and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the plaintiffs for said sum with interest.

*Edward C. Stiness, Daniel H. Morrissey, Francis J. O'Brien,* for plaintiff.

*Murdock & Tillinghast, John C. Going,* for defendant.