P. E. McSweeney et ux. *v.* Frank C. Dorn.

October Term, 1931.

Present: Powers, C. J., Slack, Moulton, Thompson, and Graham, JJ.

Opinion filed January 6, 1932.

*J. A. McNamara* for the plaintiffs.

*M. G. Leary* for the defendant.

POWERS, C. J. The defendant occupied a certain apartment of the plaintiffs under a written lease which expired on October 1, 1927. He continued to occupy it after that date, and on October 8, paid the rent to the 21st of that month at the rate stipulated for in the original lease. On November 8, he gave the plaintiffs written notice that he would vacate the premises

on the 20th of that month. This he did after paying the rent to the 21st. The action is brought to recover the rent provided for in the written lease from November 21, 1927, to May 1, 1928—at which time the plaintiffs relet the apartment. The verdict and judgment below were for the defendant, and the plaintiffs allege error. The only exception relied upon in this court is one saved when the court overruled the plaintiffs' motion for a verdict made at the close of the evidence.

▮▮ The case was tried below on the theory that the only question in it, aside from the matter of damages, was whether the original lease had become extended by the conduct of the parties, and that this was a question of fact. But, so far as this question is concerned, the uncontroverted evidence established such an extension, and the motion for a verdict should have been granted. The relation of landlord and tenant may as well be created by implication as by express contract; and when a tenant for a fixed term, with the consent or acquiescence of the landlord, holds over after the expiration of the term, a tenancy by implication results. This begins as a tenancy at will, but, when the landlord accepts the rent, it may and usually does ripen into a tenancy from year to year, or from month to month, as the case may be, according to the terms of the original lease. This result is a legal consequence of the conduct of the parties, and does not at all depend upon the intention of the tenant. Such is the well-established law of our cases. *Amsden v. Atwood,* 67 Vt. 289, 293, 31 Atl. 448; *Amsden v. Atwood,* 68 Vt. 322, 332, 35 Atl. 311; *Hobbs & Son v. Grand Trunk Ry. Co.,* 93 Vt. 392, 395, 108 Atl. 199.

▮ Applied to the case in hand, the law makes the defendant, who held over, a tenant at will, and, when the plaintiffs accepted the rent as hereinbefore stated, he became a tenant from year to year. His term under the implied lease was one year, and his rent was that specified in the original lease. The rights of the parties became so fixed that the subsequent abandonment of the premises by the defendant, did not, alone, relieve him from the obligation of paying rent for the entire year. So, nothing more appearing, the plaintiffs would be entitled to recover the amount shown by their specification, though the defendant did not occupy the premises after November 20, 1927. *Barlow v. Wainwright,* 22 Vt. 88, 94, 52 A. D. 79; *Johnson v. Desmarias,* 94 Vt. 496, 500, 112 Atl. 199.

█ But the defendant says that he held over under an arrangement with the plaintiffs that would prevent the implication of a lease. The evidence had no tendency to establish any such arrangement. The defendant testified to certain conversations had with one of the plaintiffs, and points to these as evidence of such arrangement. But none of these were in time to prevent his holding over from resulting in an implied lease. Construed in the light most favorable to the defendant as it must be, the evidence shows that the first of these conversations was about a month after the original term expired, and about three weeks after the October rent had been paid and received. Then, too, the conversation testified to by the defendant was wholly inadequate to establish any contract about the holding over. Certain plans relating to the defendant's efforts toward reletting the apartment were proposed by him, and were ''agreeable'' to the plaintiffs, but there was nothing indicating a waiver of the legal rights of the plaintiffs, or a change in the relation of the parties that had come into existence. The conversations concerned the vacating the premises and not at all to the holding over.

█ But the defendant says, though he does not very thoroughly brief the claim, that at or about the time he removed from the premises there was a surrender of them which terminated the lease, though it was extended. A surrender of the possession is not necessarily a surrender of the term. In the law of landlord and tenant, the word ''surrender'' involves something more than the action of the tenant, alone. It has a contractual significance. As it takes two to make the bargain, it takes two to dissolve it in this way. There must be what amounts to a mutual agreement to put an end to the relation of landlord and tenant. Such an agreement may be express or implied. 2 Thomp. Real Prop., § 1460. But, in the case of the residue of an existing term, no acts of the parties will amount in law to a surrender, unless the landlord's assent thereto is clearly inferable therefrom. The question of surrender in both of its aspects is ordinarily a question of fact; and the burden of proof on both—the acceptance by the landlord as well as the abandonment by the tenant—is on him who sets it up. 2 Thomp. Real Prop., § 1461; 2 Tiff., L. & T., 1335; *Ralph* v. *Deiley*, 293 Pa. 90, 141 Atl. 640, 61 A. L. R. 763, 766; *Hickman* v. *Breadford*, 179 Iowa, 827, 162 N. W. 53, 56. It is so here.

█

The burden is on the defendant, and the question was for the jury if there was evidence legally sufficient to warrant a verdict thereon for the defendant.

■ Some claim is made in the defendant's brief that the plaintiffs are not in a position to assert this alleged error, because they did not except to the charge on the subject of surrender. But such an exception is not required to make available an exception previously saved. In this respect, the case stands like one wherein the exception is to the admission or exclusion of evidence—no exception to the charge being necessary. *Berkley* v. *Burlington Cadillac Co.*, 97 Vt. 260, 269, 122 Atl. 665; *Paska* v. *Saunders*, 103 Vt. 204, 218, 153 Atl. 451.

■■ When the defendant made the last payment of rent, he returned the key of the apartment to one of the plaintiffs, who thereafterwards by a placard in the window and an advertisement in a newspaper attempted to rent it to other parties. While these acts are admissible on the question of acceptance, and in some measure indicate an acceptance of the term, none of them nor all together, amount, without more, to an acceptance in law, nor do they necessarily discharge the tenant from his covenant to pay rent. *Spikings* v. *Fox*, 145 Ill. App. 337, 340; *Feust* v. *Craig* (Sup.), 107 N. Y. S. 637, 640; *Newton* v. *Speare Laundering Co.*, 19 R. I. 546, 37 Atl. 11, 12; *Breuckmann* v. *Twibill*, 89 Pa. 58; *Conover* v. *Sterling Stores Co.*, 14 Del. Ch. 26, 120 Atl. 740, 743; *Banks* v. *Berliner*, 95 N. J. Law, 267, 113 Atl. 321, 323. "Too much importance," says Judge Jones, "should not be attached to a delivery of the keys to the landlord and his attempt to relet the premises." Jones, L. & T., § 549. The legal significance of such acts depends upon the *quo animo* of the landlord. So the burden was on this defendant to show that these plaintiffs intended to accept. This intent must be established by some unequivocal act or acts. Those above recited are not such. *Owens* v. *Ramsey*, 213 Ky. 279, 280 S. W. 1112, 52 A. L. R. 149, 153; *Rogers* v. *Dockstader*, 90 Kan. 189, 133 Pac. 717, 4 A. L. R. 663, 665; *Weinsklar Realty Co.* v. *Dooley*, 200 Wis. 412, 228 N. W. 515, 517, 67 A. L. R. 875; Taylor, L. & T., § 549.

That the defendant failed in his proof on the question of acceptance is well shown by the recent case of *Roberts* v. *Wish*, 265 Mass. 179, 163 N. E. 892. That was a suit for rent accruing after the tenant abandoned the premises; and the contention

was made that the question whether or not there was a surrender and acceptance was one of fact for the jury. The owner had assumed control of the property and had unsuccessfully attempted to rerent it. It was held that these acts, being consistent with the owner's right to protect the property and to minimize his loss, were not sufficient to show an acceptance of the term, and that a verdict for the plaintiff was properly directed.

 Not only did this defendant fail to make such a showing on this branch of the case as entitled him to go to the jury, but the uncontroverted evidence showed that he was not so entitled. One of the plaintiffs testified, without objection and without contradiction that when he talked with the defendant about his vacating the premises, the latter said he was willing to pay two or three months' rent if the former would "let him off on the lease," and that he, the plaintiff, told the defendant that he would "hold him responsible for the premises until the premises were rented."

This fact being so established, there was nothing left of the defense, and a verdict should have been ordered for the plaintiffs.

*Judgment reversed, and judgment for the plaintiffs to recover the sum of $347.20 (the amount of damages agreed upon below), with interest from the date of judgment below.*