FRANK CIAMBELLI *vs.* GEORGE R. PORTER.

FEBRUARY 4, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

PER CURIAM. This is an action in assumpsit to recover rent under a written lease. At the close of the evidence the jury was directed to return a verdict for the plaintiff in the sum of $310. The defendant's exception to such action is the sole question for review.

The plaintiff and the defendant were the only witnesses. In March, 1927, the plaintiff became the owner in fee of a house in Brighton, Massachusetts, subject to the defendant's lease for an apartment therein. The lease, dated October 25, 1926, contains the following language:

> "To have and to hold the above-described premises for the term of one year and one year option beginning with the first day of November, A. D. 1926, and this lease shall continue in full force and effect thereafter from year to year, until one of the parties shall on or before the first day of September in any year, give to the other party written notice of his intention to terminate this lease, on the last day of the following month, in which case the lease hereby created shall terminate in accordance with such notice."

The rent reserved was $67.50 a month payable on the first day of each month.

The defendant paid the stipulated monthly rent up to September 1, 1927. From this point on there is a clear

conflict between the parties with reference to the scope of an alleged agreement claimed to have been reached between them as to their future relations. The plaintiff claims that, as no notice in writing was given by the defendant of his intention to terminate the lease on October 31, 1927, he considered the lease renewed for the ensuing year at the lower rental of $62.50 a month. He stated that he consented to this reduction in view of the defendant's financial condition.

The defendant gives an entirely different version of this meeting which took place about September 1, 1927. His claim is that he told the plaintiff of his intention to vacate the premises because he was obliged to move his business and his family to Providence; that the plaintiff thereupon asked him to remain as a monthly tenant at the reduced rental of $62.50 until it came time for him to leave for Rhode Island, with the understanding, however, that the plaintiff or his agent might show the premises to prospective tenants while the defendant continued to occupy them.

The defendant further contends that as a result of this new agreement he remained in possession of the premises until July 6, 1928; that some time before that date he had told the plaintiff that he was moving to Providence on July 1; that later the plaintiff gave him permission to stay a few days in July if his apartment in Providence was not ready for occupancy by the first of that month; and that on July 6, 1928, he himself notified the plaintiff that he was moving. He also states that on that day the plaintiff came to his house and personally received from him a check with the following indorsement thereon: "Rent in full to date. July 6, 1928. This check also acts as a receipt in full of all claims and demands to above July 6, 1928." According to the defendant, the plaintiff accepted this check without demand or complaint of any sort.

The plaintiff denies that he was present when the defendant moved out. His claim is that he received the check of July 6, 1928, by mail; that he struck out the indorsement above quoted, cashed the check and credited

the defendant for the month's rent under the lease. No further claim for rent was made by the plaintiff until the writ in this case was issued on November 26, 1929.

The trial court directed a verdict for the plaintiff on the theory that inasmuch as the lease provided a specific method for its termination, which had not been complied with by the defendant, the plaintiff was entitled to recover rent from July 1 to November 1, 1928, under the lease at the modified rental of $62.50 a month. It construed the defendant's evidence as an attempt to vary the written instrument by parol testimony. This view was erroneous. The defendant's claim is that on September 1, 1927, there was a surrender and acceptance of his leasehold interest. The question between the parties was not the varying of a written instrument but whether or not the original lease had been nullified by mutual consent and a tenancy from month to month substituted for it.

The relation of landlord and tenant, even where created by a written instrument, can be terminated by the surrender of the premises by the tenant and the acceptance of such surrender by the landlord. Whether or not there has been such surrender and acceptance is determined by the intention of the parties. This intention is to be gathered from their acts and deeds. *Smith* v. *Hunt*, 32 R. I. 326; *Lott* v. *Chaffee*, 46 R. I. 242.

Attention is called to the well established rule that a verdict should not be directed in favor of either party if upon any reasonable view of the evidence the opposing party may prevail. It is unnecessary to cite authorities on this point.

In this case there was a clear-cut issue of fact raised by the conflicting evidence. It should have been submitted to the jury under proper instructions.

The exception of the defendant to the direction of a verdict for the plaintiff is sustained and the case is remitted to the Superior Court for a new trial.

*Charles Z. Alexander*, for plaintiff.
*Lester T. Murphy*, for defendant.