**353 A.2d 613.**

Michael J. Bove, Jr. *et ux. vs.* Transcom
Electronics, Inc.

MARCH 26, 1976.

Present: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

PAOLINO, J. The plaintiffs brought this civil action for compensatory and punitive damages for alleged breach of covenants in a lease.[1] The case was heard before a justice of the Superior Court, sitting without a jury, and resulted in a decision in favor of the defendant. After entry of judgment, the plaintiffs filed a motion for a new trial which the trial justice denied. The case is before this court on the plaintiffs' appeal.

The record discloses the following pertinent facts. On August 2, 1961, plaintiffs executed a lease of certain premises in the city of Newport to defendant for a term of 2 years. On August 23, 1965, another lease was executed between the same parties covering the same property for a term of 5 years commencing September 15, 1965, and ending September 14, 1970. On or about September 1, 1970, defendant vacated the premises and on September 2, 1970, an agent of defendant delivered the keys to the premises to one Joseph M. Hattub, the general manager of Bove Chevrolet, Inc., a business owned by plaintiffs apart from their ownership of the leased premises. Mr.

---

[1]Paragraph 4 in the complaint refers specifically to the following lease provisions:

"And the said Lessee further covenants and agrees that it will use said premises in a becoming and proper manner, not committing any waste or injury to the same. And the said Lessee does further agree to keep the building and the surroundings [sic] premises in good repair including the setting of plate glass in the windows and doors during the continuance of this Lease or any renewal thereof; and, at the expiration of this Lease, to quietly and peaceably surrender up the possession of the premises to the said Lessor, in as good order as they now are, common and ordinary wear, inevitable casualties and damages by the elements excepted. Said premises are to be placed in the same condition as they were at the commencement of this Lease or any renewal. All machinery, equipment, fixtures, partitions, counters, furnishings, storage bins, shelves or other items used in Lessee's operation to be removed by Lessee within thirty (30) days after expiration of this Lease * * * ."

Hattub signed a receipt dated September 2, 1970, evidencing his receipt of the keys to the leased premises.

The plaintiff Michael J. Bove, Jr., testified, in substance, as follows. Mr. Hattub, upon receiving the keys on September 2, 1970, advised Mr. Bove that the premises had been vacated by defendant. When Messrs. Bove and Hattub together inspected the premises in early September, the only apparent damage to the building was several broken windows. Upon his next inspection of the property on September 16 or 17, 1970, Mr. Bove discovered that vandals had inflicted considerable damage upon the building including broken windows, destruction of electrical and plumbing fixtures and general structural damage. In addition, he found that defendant had not removed certain fixtures which had been installed by it during the term of the lease. These included ceiling flues, partitions and an overhead trolley used for a chain fall. Glass showroom windows had been removed by defendant and replaced with plywood which was still there at the expiration of the lease. The plaintiffs contacted one of defendant's officers and demanded that the building be returned to its condition when originally leased to defendant. The defendant refused this demand on the ground that it was no longer liable under the lease.

The record also contains evidence presented by various municipal authorities regarding the condition of the premises and problems connected with the building at various times after defendant vacated the premises.

After the parties rested, the trial justice rendered a decision from the bench in which he held that there was no evidence which would support a finding of punitive damages. Thereupon, he proceeded to review and analyze the evidence before him and found that the damage was due primarily to plaintiffs' failure to attend to the condition of the building, even after September 14, 1970 when the

lease terminated under its terms. The trial justice referred expressly to the testimony of the various city officials to the effect that plaintiffs had been notified of the condition of the premises and were requested to secure the building and to board it up. He concluded that plaintiffs had failed to heed these warnings and that the property was subjected to continued damage. He noted that the only substantive issue before the court was the question of defendant's responsibility for the premises between September 2, 1970, when the premises were vacated, and September 14, 1970, the termination date under the lease.

He found that delivery of the keys to Mr. Hattub was a sufficient delivery to an agent of the lessors and thus constituted a surrender of the premises. In finding that an agency relationship existed between Messrs. Bove and Tattub, the trial justice expressly stated that he drew this inference from the testimony, particularly from the testimony of Mr. Bove, that Mr. Hattub was more than merely the general manager of Bove Chevrolet; that he apparently worked for Mr. Bove in other capacities, or at least helped him in other capacities. He referred expressly to Mr. Bove's statement that in June 1970, 3 months before the expiration of the lease, Mr. Bove sent Mr. Hattub to the leased property to obtain the keys in order that the premises could be shown to prospective tenants. In this vein, the trial justice made additional reference to Mr. Bove's testimony described above. Thus, the trial justice concluded that the keys were properly delivered to Mr. Hattub for Mr. Bove on September 2, 1970, and that plaintiffs accepted the keys as a surrender of the premises.

With respect to the question of damages the trial justice found that the building was in reasonably good condition, wear and tear excepted, at the time it was vacated by defendant. He found further that damage caused by vandals

and by thieves who entered the premises for purposes of removing copper, and perhaps other materials, was the primary and direct cause of the damage to the building.

The trial justice next considered defendant's alleged liability for removal of the overhead trolley and the ceiling flues. Allowing that defendant might possibly be required to remove the trolley and flues and repair the roof, he concluded that there was no evidence on the record indicating the prospective cost of those operations.

Addressing himself again to the question of damages, the trial justice stated that even if he were satisfied that plaintiffs were entitled to recover, there was no evidence before him upon which to base a fair apportionment between the damage done before September 14, 1970, and that which occurred thereafter. The trial justice concluded that plaintiffs had failed to sustain their burden of proving liability and damages by a fair preponderance of the evidence and therefore rendered a decision for defendant.

The narrow question raised by this appeal is whether the trial justice erred in finding that the acceptance of the keys by Mr. Hattub constituted an acceptance of the surrender by defendant of the demised premises on September 2, 1970, approximately 12 days prior to the formal lease termination date. For the reasons that follow, we affirm the judgment below.

The law governing the question raised by this appeal is well settled in this state. As this court pointed out many years ago, the relation of landlord and tenant, even where created by written instrument, can be terminated by the surrender of the premises by the tenant and the acceptance of such surrender by the landlord. Whether or not there has been such surrender and acceptance is determined by the intention of the parties. This intention is to be gathered from their acts and deeds. *Ciambelli* v. *Porter*, 55 R. I. 14, 17, 177 A. 145, 146 (1935); *Smith* v.

*Hunt,* 32 R. I. 326, 330, 79 A. 826, 828 (1911). But it is not essential to prove the contents of a written or oral agreement in order to establish a lessee's surrender and the lessor's acceptance thereof. Such consent need not be express in order to be effectual, but it may be implied from circumstances and from the acts of the parties. *White* v. *Berry,* 24 R. I. 74, 77, 52 A. 682, 683 (1902). Finally, citation of authority is hardly needed for the proposition that a surrender may be made to, and accepted by, a duly authorized agent of the lessor. 49 Am. Jur.2d, *Landlord and Tenant* §1098 (1970).

With these guidelines in mind, we address ourselves to plaintiffs' arguments in support of their claim of error. The plaintiffs contend that there is no evidence that plaintiffs at any time manifested an intention to accept defendant's surrender and to thereby prematurely terminate the lease. They argue that the record is totally devoid of evidence of any act or statement on their part, or on the part of any authorized agent, evincing any intent to accept defendant's surrender. Since defendant has shown only that it delivered the keys to plaintiffs' business office, plaintiffs allege that it has failed to sustain its burden of proving a surrender which terminated the lease.

Additionally, plaintiffs argue that defendant has failed to sustain its burden of proving that Mr. Hattub possessed any authority, written or implied, to accept defendant's surrender. Finally, plaintiffs argue that under the pertinent covenant in the lease, the premises were to be returned to them in the condition in which they were leased, ordinary wear and tear excepted. They proffer a theory that, as a matter of law, the premises were returned on September 14, 1970, the termination date of the lease, and that defendant was and is liable for the substantial damage to the property which occurred prior to that date and

regarding which the record was sufficiently clear to allow the court to assess damages.

We address ourselves initially to the question of surrender. In our judgment there is competent evidence in the record to support the inference drawn by the trial justice that Mr. Hattub was plaintiffs' agent and that his acceptance of the keys on September 2, 1970, when viewed in the context of his work relationship with Mr. Bove, constituted an acceptance by plaintiffs of defendant's surrender. *See White* v. *Berry, supra* at 77, 52 A. at 683.

Our reading of the cases cited by plaintiffs in support of their position reveals that those cases are factually distinguishable from the instant case and of no help to plaintiffs. In *Smith* v. *Hunt, supra,* this court found that mere surrender of a key did not constitute a surrender of premises when all the circumstances, including a written refusal of the proposed surrender by the plaintiff-lessor, indicated that such a surrender was not intended by the parties. Similarly, in *Newton* v. *Speare Laundering Co.,* 19 R. I. 546, 37 A. 11 (1896), this court held that the solitary act of sending a key to the lessor's office, without accompanying incidents of the parties' intention, is not such a surrender and acceptance as will discharge a tenant's liability for rent. These situations are to be contrasted to the facts of the instant case wherein the receipted delivery of the key, when properly viewed in the context of all relevant circumstances, displayed a clear intent on the part of plaintiffs through their agent to accept defendant's surrender of the premises.

We consider next plaintiffs' contention that, under the terms of the lease, defendant was under an obligation to remove the overhead trolley and flues and to repair the roof. There is no reference in plaintiffs' brief to any evidence pertaining to the cost of removing these items from the premises or the cost of the roof repairs. Therefore,

even if we assume that the described conditions constituted a breach of the covenant in the lease, we find no error in the trial justice's ruling that the state of the evidence does not permit an assessment of damages suffered by plaintiffs in this regard.

In view of our affirmance of the trial justice's finding that Mr. Hattub's receipt of the keys constituted acceptance by the plaintiffs' authorized agent of a surrender of the lease and the demised premises, we do not reach the question of whether there is any evidence in the record which would permit the trial justice to make an apportionment between the damage done prior to September 2, 1970 and that which occurred thereafter.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Paul E. Burke,* for plaintiffs.

*Edwards & Angell, Richard M. Borod, Andrew J. Chlebus,* for defendant.